

Jeffrey P. Doss
205-581-0773
jdoss@lightfootlaw.com

August 29, 2022

<u>*Via Electronic Filing*</u>

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

      Re:   *Eknes-Tucker, et al. v. Governor of the State of Alabama, et al.*
               Appeal No. 22-11707

Dear Mr. Smith:

      Plaintiffs-Appellees respectfully submit *Brandt by & through Brandt v. Rutledge*, 2022 WL 3652745 (8th Cir. Aug. 25, 2022).

      *Brandt* upheld a preliminary injunction halting Arkansas's Act 626, which, like S.B. 184 in the *Eknes-Tucker* case, prohibits transgender minors from receiving transitioning medications, including puberty-blocking medication and hormone therapy. *Id.* at *1.

      The supplemental authority supports the district court's holding that S.B. 184 discriminates based on transgender status and creates a sex-based classification. Resp. Br. at 50-57. It also supports the district court's conclusion that the mere invocation of "biological differences" does not insulate a sex-based law from heightened scrutiny. Resp. Br. at 52-53. As the Eighth Circuit explained, that argument "conflates the classifications drawn by the law with the state's justification for it." *Brandt*, 2022 WL 3652745, at *3.

      Further, *Brandt* supports the district court's finding in this case that the prohibited treatments are neither experimental nor unduly risky and do not jeopardize the health or safety of minors. Resp. Br. at 40-46. As the Eighth Circuit found based on the record in *Brandt*, which is substantially similar to the record here, the prescription of transitioning medications for gender dysphoria in minors: (1) conforms to "the recognized standard of care," *Brandt*, 2022 WL 3652745, at *4; and (2) is "supported by medical evidence that has been subject to rigorous study." *Id.* at *3. The Eighth Circuit rejected claims made by Arkansas, similar to those made by Defendants here, that international reports and recommendations support a ban on transitioning medications. *See, e.g.*, *id.* at *4 (finding that Finnish recommendations "closely mirror" the WPATH and Endocrine Society standards); Resp. Br. at 41-42.

Finally, *Brandt* found that the district court properly held that permitting the Arkansas ban to take effect would subject minor plaintiffs to irreparable harm by denying them critical medical care and that a facial injunction was appropriate to remedy the injury. *Brandt*, 2022 WL 3652745, at *4.

Based on similar facts, the district court here properly found that permitting the Alabama law to take effect would irreparably harm minor plaintiffs and facially enjoined the law.

Respectfully Submitted,

*/s/ Jeffrey P. Doss*
Jeffrey P. Doss
One of the Attorneys for the Appellees

cc:   All Counsel of Record (via CM-ECF)