U.S. Department of Justice

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, D.C. 20044-4403*

August 31, 2022

**VIA CM/ECF**

David J. Smith
Clerk of the Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

   Re: *Eknes-Tucker, et al.* v. *Governor of the State of Alabama, et al.*,
     No. 22-11707 (11th Cir.)—Intervenor-Appellee United States' Notice
     of Supplemental Authority Under Federal Rule of Appellate Procedure 28(j)

Dear Mr. Smith:

  The United States respectfully notifies this Court of the decision in *Brandt* v. *Rutledge*, No. 21-2875, 2022 WL 3652745 (8th Cir. Aug. 25, 2022), which supports our argument that the district court did not abuse its discretion here in preliminarily enjoining enforcement of Section 4(a)(1)-(3) of SB184 pending trial.

  *Brandt* affirmed a preliminary injunction enjoining Arkansas from enforcing its statutory ban on "gender transition procedures" for minors, which prohibits essentially the same medical treatments as Alabama's SB184 but without criminal penalties. First, the Eighth Circuit held that plaintiffs demonstrated a likelihood of success on the merits of their equal protection challenge. Op. 7-10. In so finding, the court held that the ban discriminates on the basis of sex, triggering heightened scrutiny, because a "minor's sex at birth determines whether" they can receive the covered medical treatments. Op. 7; see U.S. Br. 25-28. The Eighth Circuit found no error in the district court's ruling that Arkansas's ban "is not substantially related to Arkansas's interest[] in protecting children from experimental medical treatment." Op. 10; see U.S. Br. 37-50. Like Alabama, Arkansas attempted to justify its ban by referencing international developments and critiques of the efficacy and safety of gender-affirming care. Op. 9-10. But as the court of appeals found, "substantial evidence" supported the district court's assessment that the Arkansas law "prohibits medical treatment that conforms with the recognized standard of care." Op. 9. The same is true of the district court's parallel conclusion here. U.S. Br. 38-44.

  *Brandt* also ruled that the district court did not abuse its discretion in determining that the balance of the equities favored a preliminary injunction—just as it does here. Op. 10-11; see U.S. Br. 51-54. As the Eighth Circuit explained, the district court properly found that the minor plaintiffs would suffer irreparable harm without an injunction and that an injunction served the

"public interest" in preventing the "violation of a party's constitutional rights." Op. 10. Finally, the court of appeals upheld the scope of the injunction, which prohibits any enforcement of the ban, as does the injunction issued here. Op. 11; see U.S. Br. 55-57.

Sincerely,

Bonnie I. Robin-Vergeer
Chief

s/ Barbara Schwabauer
Barbara Schwabauer
Attorney
Appellate Section
Civil Rights Division
(202) 305-3034
Barbara.Schwabauer@usdoj.gov

Enclosure

cc: Counsel of Record (via CM/ECF)