

**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**

STEVE MARSHALL
ATTORNEY GENERAL

501 WASHINGTON AVENUE
MONTGOMERY, AL 36130
(334) 242-7300
WWW.AGO.ALABAMA.GOV

January 3, 2023

Mr. David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re:    ***Eknes-Tucker v. Governor of the State of Alabama***, No. 22-11707
       Rule 28(j) Supplemental Authority Letter

Dear Mr. Smith:

This Court's decision in *Adams v. School Board of St. John's County*, No. 18-13592 (11th Cir. Dec. 30, 2022) (en banc) ("Op."), supports Appellants' arguments.

*First*, *Adams* confirms that Alabama's law does not discriminate based on transgender status and that *Bostock v. Clayton County*, 140 S.Ct. 1731 (2020), is no help to Plaintiffs. *See* Op.30-31; Opening.Br.47-55.

*Second*, *Adams* explains that "transgender status and gender identity are [not] equivalent to biological sex," and that "biological sex" was the relevant characteristic to determine whether the plaintiffs were "similarly situated." Op.18 n.6. This reasoning dooms Plaintiffs' argument (at 55) that Alabama bans "certain treatments only for transgender minors," because the comparison (e.g., testosterone to treat a boy's testosterone deficiency versus to transition a girl) assumes that "transgender status and gender identity are equivalent to biological sex"—which they aren't. Op.18 n.6.

*Third*, *Adams* emphasized that "[t]he promise of equal protection is limited to keeping governmental decisionmakers from treating differently persons who are in all relevant respects alike." Op.18 n.6 (cleaned up). The Court applied intermediate scrutiny because "biological sex [wa]s the relevant respect": it was "the sole characteristic on which the bathroom policy" was "based." *Id.* (cleaned up). Applying that rule here, Alabama's law does *not* use sex as the dividing line: Neither males nor

females may access transitioning treatments. That cross-sex hormones depend on biological reality is no matter. Unlike with bathrooms, where either sex can use either bathroom if allowed, only males can take estrogen (and females testosterone) *to transition*, making the law subject only to rational-basis review. *Dobbs v. Jackson Women's Health Org.*, 142 S.Ct. 2281, 2246 (2022). Alabama can thus regulate transitioning procedures without meeting intermediate scrutiny, just as it could (for instance) regulate a damaging procedure that changes a patient's racial appearance without meeting strict scrutiny.

*Finally*, if Alabama's law is deemed to discriminate based on sex, it satisfies intermediate scrutiny because, among other reasons, there are "sex-specific interests" that "justify a sex-specific policy." Op.24. A girl given a boy's level of testosterone faces "[k]nown risks" a boy would not, "includ[ing] loss of fertility and sexual function." DE112-1:3.

Respectfully submitted,

Steve Marshall
   *Alabama Attorney General*

Christopher Mills

SPERO LAW LLC
557 East Bay Street
#22251
Charleston, SC 29451
Telephone: (843) 606-0640
cmills@spero.law

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
   *Solicitor General*

A. Barrett Bowdre
Thomas A. Wilson
   *Deputy Solicitors General*

James W. Davis
   *Deputy Attorney General*

Benjamin M. Seiss
   *Assistant Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

1.  I certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 28(j) and 11th Cir. R. 28, I.O.P. 6. The document contains 350 words, including all headings, footnotes, and quotations, and excluding the parts of the brief exempted under Fed. R. App. P. 32(a)(7)(B)(iii).

2.  In addition, this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on January 3, 2023, using the CM/ECF Document Filing System, which will send notification of such filing to all noticed parties.

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Defendants*
