**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, D.C. 20044-4403*

January 9, 2023

**VIA CM/ECF**

David J. Smith
Clerk of the Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

    Re:  *Eknes-Tucker, et al.* v. *Governor of the State of Alabama, et al.*,
         No. 22-11707 (11th Cir.)—Intervenor-Appellee United States' Response to
         Defendants-Appellants' Notice of Supplemental Authority Under Federal Rule
         of Appellate Procedure 28(j)

Dear Mr. Smith:

    The Court's decision in *Adams* v. *School Board of St. John's County*, No. 18-1352 (Dec. 30, 2022) (en banc) (Op.), supports our argument that SB184 is subject to intermediate scrutiny. *Adams* recognized that a policy excluding students, including transgender students, from restrooms that do not match their "sex determined at birth" is a "sex-based classification." Op. 14. Because that policy "classifies on the basis of biological sex," the Court held it was "subject to intermediate scrutiny." Op. 17-18.

    The same is true here. SB184 expressly determines who can and cannot obtain certain medications based on "the biological state of being male or female." SB184, §§ 3(3), 4(a)(1)-(3); see U.S. Br. 25-28. And unlike the policy in *Adams* (Op. 30-31), SB184 facially targets transgender minors and gender-nonconformity by prohibiting treatments affirming a minor's gender identity only if "inconsistent with the minor's sex." SB184, §§ 2(2), 4(a); see also *Glenn* v. *Brumby*, 663 F.3d 1312, 1316-1317 (11th Cir. 2011). Certainly, intermediate scrutiny applies to SB184.

    The Court in *Adams* then held that the policy satisfied heightened scrutiny based on student privacy interests. Op. 18-26. That fact-specific determination sheds no light on whether SB184 serves an important governmental objective and is substantially related to achieving it. The district court did not abuse its discretion in finding that SB184 fails that standard. U.S. Br. 37-50.

    In particular, at the preliminary injunction stage, the district court did not clearly err in finding that the banned treatments are not "experimental" or aggressively pushed on minors but

instead represent the well-established, evidence-based standard of care for transgender minors with gender dysphoria. See U.S. Br. 38-44.[1]  Furthermore, Alabama healthcare providers conduct a thorough screening process of minor patients and a comprehensive informed-consent process before prescribing treatments. U.S. Br. 17-18, 44-48.

                           Sincerely,

                       Bonnie I. Robin-Vergeer
                               Chief

                         s/ Barbara Schwabauer
                         Barbara Schwabauer
                              Attorney
                          Appellate Section
                         Civil Rights Division
                           (202) 305-3034
                     Barbara.Schwabauer@usdoj.gov

cc: Counsel of Record (via CM/ECF)

---

[1] Hormone therapies (not puberty blockers) *may* affect certain reproductive and sexual functions. U.S. Br. 9-11. But without these medications, transgender minors *will* undergo the permanent pubertal changes that exacerbate gender dysphoria and face the significant risk of bodily and psychological harm, including suicide. U.S. Br. 6, 11-12, 20, 51.