

**JEFFREY P. DOSS**
Lightfoot, Franklin & White LLC
205-581-0773 direct
205-581-0799 fax
jdoss@lightfootlaw.com

January 9, 2023

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re:** *Paul Eknes-Tucker, et al. v. Governor of the State of Alabama, et al.*
No. 22-11707

Dear Mr. Smith:

Plaintiffs-Appellees submit this response to Defendant-Appellant's January 3, 2023 letter ("Letter"). *Adams v. School Board of St. Johns County*, No. 18-13592 (11th Cir. Dec. 30, 2022) (en banc) ("Op."), has little bearing on this case other than to confirm the district court's analysis of why S.B. 184 requires, and fails, heightened scrutiny.

Unlike the policy in *Adams*, which "facially classifie[d students] based on biological sex—*not transgender status or identity*," Op. 11 (emphasis added), S.B.184 explicitly classifies minors on the basis of transgender status and gender non-conformity by prohibiting transitioning medications when used by transgender minors. Resp. Br. 50. Defendant-Appellant concedes the point, agreeing S.B.184 categorically bans "transitioning treatments." Letter at 1-2.

As this Court held in *Glenn v. Brumby*, discrimination against a transgender person based on gender nonconformity is discrimination based on sex. 663 F.3d 1312, 1320 (11th Cir. 2011); *see also Bostock v. Clayton Cnty*, 140 S. Ct. 1731, 1741 (2020) (holding that "discrimination based on … transgender status necessarily entails discrimination based on sex") Resp. Br. 4-5. *Adams'*s rejection of the "converse" notion— that "discrimination based on biological sex necessarily

entails discrimination based on transgender status," Op. 30—does not invalidate that holding.

Because S.B. 184 draws sex-based classifications, heightened scrutiny applies. Resp. Br. 51-52. Defendant-Appellant attempts to elide those sex-based classifications and avoid heightened review on the ground that the classifications "depend on biological reality." But that argument conflates whether the act makes a sex-based classification with the separate question whether that classification passes heightened scrutiny.

*Adams* confirms that sex-based classifications require heightened scrutiny. Op. 7. In *Adams*, the court found the bathroom policy "advance[d] the important governmental objective of protecting students' privacy." Op. 18. Here, by contrast, the district court correctly found no evidence supported Alabama's asserted justifications for S.B.184. *See* Resp. Br. 39-49.

Respectfully submitted,

*/s/ Jeffrey P. Doss*
Jeffrey P. Doss
*Counsel for Plaintiffs-Appellees*

cc: All Counsel of Record (via CM/ECF)