

**JEFFREY P. DOSS**
Lightfoot, Franklin & White LLC

205-581-0773 direct
205-581-0799 fax

jdoss@lightfootlaw.com

June 7, 2023

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re:    *Paul Eknes-Tucker, et al. v. Governor of the State of Alabama, et al.*
Case No. 22-11707**

Dear Mr. Smith:

Plaintiffs-Appellees submit this notice of supplemental authority.

On June 6, 2023, in *Doe v. Ladapo*, No. 4:23-CV-114, the U.S. District Court for the Northern District of Florida granted the plaintiffs' motion for a preliminary injunction. A copy of the decision is attached ("Op.") and is available at 2023 WL 3833848.

The district court considered a statute and administrative rules like Alabama Code § 26-26-4(a)(1)-(3). The statute criminalizes (i) the use of "puberty blockers" to "stop or delay normal puberty in order to affirm a person's perception of his or her sex if that perception is inconsistent with the person's [natal] sex" and (ii) the use of "hormones or hormone antagonists to affirm a person's perception of his or her sex if that perception is inconsistent with the person's [natal] sex." (Op. at 6). And the rules prohibit licensed practitioners from treating "gender dysphoria in minors" with "[p]uberty blocking, hormone, or hormone antagonist therapies." *Id.* at 6-7.

After considering an extensive evidentiary record[1] – which mirrored the evidence presented in this case – the district court concluded that the plaintiffs "are likely to succeed on their equal-protection claim" and "are likely to prevail on their parental-rights claim." *Id.* at 26-27.  The district court determined that heightened scrutiny applies but alternatively found that, even under rational basis review, the statute and rules are likely unconstitutional.  *Id.* at 25.

With *Ladapo* and the district court's decision in this case, each court to have considered a law like Alabama Code § 26-26-4(a)(1)-(3) has determined that it likely violates the Fourteenth Amendment.  *Brandt by and through Brandt v. Rutledge*, 47 F.4th 661 (8th Cir. 2022), *aff'g* 551 F. Supp. 3d 882 (E.D. Ark. 2021); *see also Brandt by and through Brandt v. Rutledge*, No. 21-2875, 2022 WL 16957734 (8th Cir. Nov. 16, 2022) (denying petition for rehearing en banc).

Respectfully submitted,

*/s/ Jeffrey P. Doss*
Jeffrey P. Doss
*jdoss@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, Alabama 35203
*Counsel for Private Plaintiffs-Appellees*

cc:    All Counsel of Record (via CM/ECF)

---

[1]    The district court considered, in addition to the preliminary injunction record, a full trial record from *Dekker v. Weida*, No. 4:22-CV-325 (N.D. Fla.), which involves "overlapping issues" – a challenge to excluding coverage of transition-related care for both adults and minors under Florida's Medicaid program. Op. at 2.