

**JEFFREY P. DOSS**
Lightfoot, Franklin & White LLC

205-581-0773 direct
205-581-0799 fax

jdoss@lightfootlaw.com

June 20, 2023

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re:** ***Paul Eknes-Tucker, et al. v. Governor of the State of Alabama, et al.***
       **Case No. 22-11707**

Dear Mr. Smith:

Plaintiffs-Appellees submit this notice of supplemental authority.

On June 16, 2023, in *K.C. v. The Individual Members of the Medical Licensing Board of Indiana, et al.*, No. 1:23-CV-595, the U.S. District Court for the Southern District of Indiana granted the plaintiffs' motion for a preliminary injunction. A copy of the decision is attached ("Op.") and is available at 2023 WL 4054086.[1]

The district court considered a statute like Alabama Code § 26-26-4(a)(1)-(3). Indiana's statute "would prohibit physicians and other medical practitioners from 'knowingly provid[ing] gender transition procedures to a minor.'" (Op. at 4) (quoting S.E.A. 480 § 13(a)). Relevant here, "gender transition procedures" include "medical services that provide puberty blocking drugs" and "gender transition hormone therapy." *Id.* at 6 (quoting S.E.A. 480 § 5(a)(2)).

---

[1]     The State of Alabama participated by submitting an amicus curiae brief. (Op. at 34 n.9).

For its Equal Protection Clause analysis, the district court considered whether to apply intermediate scrutiny. *Id.* at 16. The plaintiffs argued that S.E.A. 480 triggers intermediate scrutiny because "sex is the determining factor as to whether a treatment is prohibited." *Id.* The defendants – like the Appellants in our case – claimed that "S.E.A. 480 draws distinctions based on other factors, such as medical conditions and procedure, rather than based on sex." *Id.* at 16-17

Relying on *Whitaker v. Kenosha Unified School District No. 1*, 858 F.3d 1034 (7th Cir. 2017), and *Brandt v. Rutledge*, 47 F.4th 661 (8th Cir. 2022), and distinguishing *Geduldig v. Aiello*, 417 U.S. 484 (1974), the district court held that intermediate scrutiny applies. (Op. at 17-21). Applying that standard, the district court – while acknowledging that the defendants had "identified legitimate reasons for regulation in this area" – concluded that "the designated evidence does not demonstrate, at least at this stage, that the extent of [S.E.A. 480] was closely tailored to uphold those interests." *Id.* at 25; *see also id.* at 25-26 (distinguishing *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022)).

Thus, the district court found that the plaintiffs had shown a likelihood of success on the merits of their equal protection claim. *Id.* at 25.

        Respectfully submitted,

        */s/ Jeffrey P. Doss*
        Jeffrey P. Doss
        *jdoss@lightfootlaw.com*
        LIGHTFOOT, FRANKLIN & WHITE LLC
        400 20th Street North
        Birmingham, Alabama 35203
        *Counsel for Private Plaintiffs-Appellees*

cc:    All Counsel of Record (via CM/ECF)