

**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**

STEVE MARSHALL
ATTORNEY GENERAL

501 WASHINGTON AVENUE
MONTGOMERY, AL 36130
(334) 242-7300
WWW.AGO.ALABAMA.GOV

June 22, 2023

Mr. David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

**Re:** *Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707
Response to Plaintiffs' Rule 28(j) Supplemental Authority Letter
Concerning *K.C. v. The Individual Members of the Medical Licensing Board of Indiana*, No. 1:23-cv-595 (S.D. Ind. June 16, 2023)

Dear Mr. Smith:

The *K.C.* court applied heightened scrutiny to Indiana's medical regulation because it would be "impossible for a medical provider to know whether a treatment is prohibited without knowing the patient's sex." Op.18. But many medical procedures—pap smears, testicular exams, abortions—are sex-specific, and giving a sex hormone to one sex is not the same "treatment" as giving it to the opposite sex. Indiana regulated a *procedure*, and sex was not the "sole characteristic" on which that regulation was based. *Adams v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 803 n.6 (11th Cir. 2022) (en banc). Rational basis applies.

The *K.C.* court applied heightened scrutiny because of a Seventh Circuit decision prohibiting schools from separating bathrooms based on sex. Op.15-21. Of course, this Court disagreed, holding that "sex-specific interests could justify a sex-specific policy." *Adams*, 57 F.4th at 806. Thus, even if heightened scrutiny applied here, the sex-specific interests are obvious for sterilizing cross-sex hormones.

The *K.C.* court also erred in finding the Indiana statute insufficiently tailored. The court accepted that "the State has good reasons for regulating gender transition procedures for minors" given "uncertain and unsettled" issues of "safety and effectiveness." Op.23. Nonetheless, the court faulted Indiana's ban because European authorities that came to a similar risk-benefit calculus "chose less-restrictive means of

regulation": limiting the interventions to formal experiments. Op.27. But heightened scrutiny does not require the least-restrictive means, and since experiments could always be conducted (in theory at least—there is no evidence experiments are planned in Alabama), such scrutiny would be fatal in fact. Regardless, the experimentation approach is "less restrictive" only insofar as it is less effective. Plaintiffs told the court below that *all* "untreated gender dysphoria would be exceptional circumstances" qualifying for the European exceptions. Tr.88. The State need not make children guinea pigs for sterilizing hormones. *See Daytona Grand, Inc. v. City of Daytona Beach*, 490 F.3d 860, 885 (11th Cir. 2007) ("[T]he requirement of narrow tailoring is satisfied so long as the regulation promotes a substantial government interest that would be achieved less effectively absent the regulation." (cleaned up)).

                Respectfully submitted,

                Steve Marshall
                  *Alabama Attorney General*

Christopher Mills

SPERO LAW LLC
557 East Bay Street
#22251
Charleston, SC 29451
Telephone: (843) 606-0640
cmills@spero.law

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
  *Solicitor General*

A. Barrett Bowdre
  *Principal Deputy Solicitor General*

James W. Davis
  *Deputy Attorney General*

Benjamin M. Seiss
  *Assistant Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

1. I certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 28(j) and 11th Cir. R. 28, I.O.P. 6. The document contains 348 words, including all headings, footnotes, and quotations, and excluding the parts of the brief exempted under Fed. R. App. P. 32(a)(7)(B)(iii).

2. In addition, this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

s/ Edmund G. LaCour Jr.  
Edmund G. LaCour Jr.  
*Counsel for State Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on June 22, 2023, using the CM/ECF Document Filing System, which will send notification of such filing to all noticed parties.

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Defendants*
