

**JEFFREY P. DOSS**
Lightfoot, Franklin & White LLC

205-581-0773 direct
205-581-0799 fax

jdoss@lightfootlaw.com

June 29, 2023

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re:  *Paul Eknes-Tucker, et al. v. Governor of the State of Alabama, et al.*
      Case No. 22-11707**

Dear Mr. Smith:

Plaintiffs-Appellees submit this notice of supplemental authority.

On June 28, 2023, in *L.W. v. Skrmetti*, Case No. 3:23-CV-376, the Middle District of Tennessee granted the plaintiffs' motion for a preliminary injunction.[1]  A copy of the decision is attached ("Op.") and is available at 2023 WL 4232308.

Tennessee enacted S.B.1, which, like Alabama Code § 26-26-4(a)(1)-(3), would ban healthcare providers from "perform[ing] or offer[ing] to perform on a minor, or administer[ing] or offer[ing] to administer to a minor, a medical procedure" if done for the purpose of (i) "[e]nabling a minor to identify with, or live as, a purported identity inconsistent with the minor's sex;" or (ii) "[t]reating purported discomfort or distress from a discordance between the minor's sex and asserted identity."  (Op. at 2).  S.B.1 defines "medical procedure" to include "prescribing, administering, or dispensing any puberty blocker or hormone to a human being."  *Id.* at 2 n.2.

---

[1]  Based on standing, the district court denied the motion insofar as it sought an injunction against S.B.1's ban on surgeries.  (Op. at 7-10).

First, on the equal protection claim, the district court determined that S.B.1 triggers intermediate scrutiny because (i) S.B.1 discriminates based on transgender status, (Op. at 17-25); and (ii) S.B.1 discriminates based on sex, *id.* at 25-35. Applying that standard, the district court concluded that the plaintiffs "are substantially likely to succeed on their claim that [S.B.1] violates the Equal Protection Clause to the extent that it prohibits medical procedures other than surgery." *Id.* at 58; *see id.* 35-58 (evidentiary analysis).

Second, on the due process claim, the district court held that "parents have a fundamental right to direct the medical care of their children, which naturally includes the right of parents to request certain medical treatments on behalf of their children." (Op. at 14). Because S.B.1 "infringes on a fundamental right," it "must be narrowly tailored to advance a compelling state interest (i.e., it must survive strict scrutiny)." *Id.* at 15. The district court found that, because S.B.1 does not survive intermediate scrutiny, "[i]t necessarily follows that [S.B.1] does not meet the more demanding requirements of strict scrutiny." *Id.*

                              Respectfully submitted,

                              */s/ Jeffrey P. Doss*
                              Jeffrey P. Doss
                              *jdoss@lightfootlaw.com*
                              LIGHTFOOT, FRANKLIN & WHITE LLC
                              400 20th Street North
                              Birmingham, Alabama 35203
                              *Counsel for Private Plaintiffs-Appellees*

cc:    All Counsel of Record (via CM/ECF)