

**JEFFREY P. DOSS**
Lightfoot, Franklin & White LLC

205-581-0773 direct
205-581-0799 fax

jdoss@lightfootlaw.com

June 29, 2023

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re:  *Paul Eknes-Tucker, et al. v. Governor of the State of Alabama, et al.*
       Case No. 22-11707**

Dear Mr. Smith:

Plaintiffs-Appellees submit this notice of supplemental authority.

On June 28, 2023, in *Doe v. Thornbury*, Case No. 3:23-CV-230, the Western District of Kentucky granted the plaintiffs' motion for a preliminary injunction. A copy of the decision is attached ("Op.") and is available at 2023 WL 4230481.

Kentucky enacted SB150, which, like Alabama Code § 26-26-4(a)(1)-(3), would prohibit a healthcare provider – if done "for the purpose of attempting to alter the appearance of, or to validate a minor's perception of, the minor's sex, if that appearance or perception is inconsistent with the minor's sex" – from (i) "[p]rescrib[ing] or administer[ing] any drug to delay or stop normal puberty; or (ii) "[p]rescrib[ing] or administer[ing] testosterone, estrogen, or progesterone, in amounts greater than would normally be produced endogenously in a healthy person of the same age and sex." (Op. at 3).

First, on the equal protection claim, the district court found that intermediate scrutiny applies because SB150 "discriminates on the basis of sex." (Op. at 5). Considering the evidence, the district court concluded that SB150 fails intermediate

scrutiny. *Id.* at 10. Accordingly, the plaintiffs "have a strong likelihood of success on the merits of their equal-protection claim." *Id.*

Second, on the due process claim, the district court found that the defendants "effectively concede[d] that the parent plaintiffs have a fundamental right under the Due Process Clause to choose [transition-related procedures] for their children." (Op. at 11). In particular, the defendants acknowledged that (i) parents have a "right to direct their children's medical care;" and (ii) parents have a right to "make medical decisions for a child from a list of legally[]permissible treatments." *Id.* at 10. Thus, the district court reasoned, SB150 strips parents of "available, legally permissible treatments for gender dysphoria," which the parents – pre-SB150 – would otherwise have a right to select for their children. *Id.* at 11. Because that right is fundamental, SB150 must survive strict scrutiny. *Id.* at 12. But SB150 fails strict scrutiny because (i) the relevant procedures are "evidence-based treatments for gender dysphoria in minors" and (ii) "the restrictions imposed by SB150 are not designed to serve the stated government interests." *Id.*

        Respectfully submitted,

        */s/ Jeffrey P. Doss*
        Jeffrey P. Doss
        *jdoss@lightfootlaw.com*
        LIGHTFOOT, FRANKLIN & WHITE LLC
        400 20th Street North
        Birmingham, Alabama 35203
        *Counsel for Private Plaintiffs-Appellees*

cc:    All Counsel of Record (via CM/ECF)