

**JEFFREY P. DOSS**
Lightfoot, Franklin & White LLC
205-581-0773 direct
205-581-0799 fax
jdoss@lightfootlaw.com

July 11, 2023

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Re:    *Paul Eknes-Tucker, et al. v. Governor of the State of Alabama, et al.*
         Case No. 22-11707**

Dear Mr. Smith:

Plaintiffs-Appellees respond to the notice, filed by Defendants-Appellants, regarding the July 8, 2023 order ("Order") in *L.W. v. Skrmetti*.

First, the Order was decided in one week and without the benefit of merits briefing. With only expedited review, the panel acknowledged that "[w]e may be wrong" and "[i]t may be that the one week we have had to resolve this motion does not suffice to see our own mistakes." (Order at 15). The panel cautioned: "These initial views . . . are just that: initial." *Id.*

Second, the panel's "initial" view regarding *Dobbs*, (Order at 11), should not affect this Court's analysis. *Dobbs* did note that ordinarily "[t]he regulation of a medical procedure that only one sex can undergo does not trigger" intermediate scrutiny. 142 S. Ct. 2228, 2245-46 (2022). But outlawing access to transitioning medications "does not involve a medical treatment that only one sex can undergo . . . . Instead, the case involves treatments that all individuals can undergo; the state has simply chosen to make the treatment legal for some and illegal for others, depending on sex or transgender status." *Dekker v. Weida*, No. 22-325, 2023 WL 4102243, at *13 (N.D. Fla. June 21, 2023).

When a law facially classifies based on sex or gender non-conformity, like Alabama Code § 26-26-4 does, intermediate scrutiny applies. *Adams v. Sch. Bd. of St. Johns County*, 57 F.4th 791, 801 (11th Cir. 2022) (prohibiting transgender male, but not biological male, from using male restroom triggers intermediate scrutiny); *Glenn v. Brumby*, 663 F.3d 1312, 1316 (11th Cir. 2011) ("discriminating [because of] gender non-conformity constitutes sex-based discrimination").

In dissent, Judge White agreed: "Tennessee's law likely discriminates against Plaintiffs on the basis of sex in violation of the Equal Protection Clause, thus triggering intermediate scrutiny." (Order at 16); *id.* ("[T[he law discriminates based on sex because 'medical procedures that are permitted for a minor of one sex are prohibited for a minor of another sex.' *Brandt v. Rutledge*, 47 F.4th 661, 669 (8th Cir. 2022). . . . [U]ntil today, every federal court addressing similar laws reached the same conclusion as *Brandt*.").

                Respectfully submitted,

                */s/ Jeffrey P. Doss*
                Jeffrey P. Doss
                *jdoss@lightfootlaw.com*
                LIGHTFOOT, FRANKLIN & WHITE LLC
                400 20th Street North
                Birmingham, Alabama 35203
                *Counsel for Private Plaintiffs-Appellees*

cc:    All Counsel of Record (via CM/ECF)