No. 22-11707

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

◆

PAUL A. EKNES-TUCKER, et al.,
*Plaintiffs-Appellees*,

&

UNITED STATES OF AMERICA
*Intervenor-Plaintiff-Appellee*,

v.

GOVERNOR OF THE STATE OF ALABAMA, et al.,
*Defendants-Appellants*.

◆

On Appeal from the United States District Court
for the Middle District of Alabama
Case No. 2:22-cv-184-LCB

## DEFENDANTS-APPELLANTS' MOTION TO STAY
## PRELIMINARY INJUNCTION

Christopher Mills
SPERO LAW LLC
557 East Bay St.,
#22251
Charleston, SC 29451
(843) 606-0640
cmills@spero.law

Steve Marshall
  *Attorney General*
Edmund G. LaCour Jr.
  *Solicitor General*
A. Barrett Bowdre
  *Principal Deputy Solicitor General*
James W. Davis
  *Deputy Attorney General*
Benjamin M. Seiss
  *Assistant Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
(334) 242-7300
Edmund.LaCour@AlabamaAG.gov

November 21, 2023

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1(a)(3) and 26.1-2(b), the undersigned counsel certifies that the following listed persons and parties may have an interest in the outcome of this case:

1. Abdul-Latif, Hussein – Amicus Curiae;

2. Academic Pediatric Association – Amicus Curiae;

3. Alabama Center for Law and Liberty – Amicus Curiae;

4. Alabama Chapter of the American Academy of Pediatrics – Amicus Curiae;

5. Alaska, State of – Amicus Curiae;

6. Alstott, Anne – Amicus Curie;

7. America First Legal Foundation – Amicus Curiae;

8. American Academy of Child and Adolescent Psychiatry – Amicus Curiae;

9. American Academy of Family Physicians – Amicus Curiae;

10. American Academy of Pediatrics – Amicus Curiae;

11. American Academy of Nursing – Amicus Curiae;

12. American Association of Physicians for Human Rights, Inc. – Amicus Curiae;

13. American College of Obstetricians and Gynecologists – Amicus Curiae;

14. American College of Osteopathic Pediatricians – Amicus Curiae;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

15.   American College of Physicians – Amicus Curiae;

16.   American Medical Association – Amicus Curiae;

17.   American Pediatric Society – Amicus Curiae;

18.   American Psychiatric Association – Amicus Curiae;

19.   Arnold, Stephanie York – Amicus Curiae;

20.   Association of American Medical Colleges – Amicus Curiae;

21.   Association of Medical School Pediatric Department Chairs – Amicus Curiae;

22.   Andersen, Alison L. – Counsel for Amici Curiae;

23.   Anderson, Tom – Defendant;

24.   Arizona, State of – Amicus Curiae;

25.   Arkansas, State of – Amicus Curiae;

26.   Austin, Heather – Plaintiff;

27.   Australian Professional Association for Trans Health (The) – Amicus Curiae;

28.   Baia, Elizabeth – Counsel for Amici Curiae;

29.   Bailey, Daryl D. – Defendant;

30.   Barday, Shireen A. – Counsel for Amicus Curiae;

31.   Barham, Richard – Amicus Curiae;

32.   Barnes, Brian W. – Counsel for Defendants;

33.   Barnhart, Dr. David L. (Jr.) – Amicus Curiae;

34.   Becker, Laura – Amicus Curiae;

35.   Beninati, Nancy – Counsel for Amici Curiae;

36.   Blakemore, Robin – Amicus Curiae;

37.   Blaylock, C. Wilson – Defendant;

38.   Boccuzzi, Carmine D, (Jr.) – Counsel for Amici Curiae;

39.   Boe, Brianna – Plaintiff (pseudonym);

40.   Boergers, Kathleen – Counsel for Amici Curiae;

41.   Bonta, Rob – Counsel for Amici Curiae;

42.   Boulware, Rebecca Kamody – Amicus Curiae;

43.   Bowdre, Alexander Barrett – Counsel for Defendants;

44.   Bundesverbrand Trans* e.V. – Amicus Curiae;

45.   Bridges, Dr. Rebecca L. – Amicus Curiae;

46.   Bronni, Nicholas J. – Counsel for Amici Curiae;

47.   Broyles, Vernadette R. – Counsel for Amici Curiae;

48.   Bryan, Chad W. – U.S. Magistrate Judge;

49.   Burke, Liles C. – U.S. District Court Judge;

50.   Burleigh, Billy – Amicus Curiae;

51.   California, State of – Amicus Curiae;

52.   Cantrell, Michael A. – Counsel for Amici Curiae;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

53.     Carr, Danny – Defendant;

54.     Central Conference of American Rabbis – Amicus Curiae;

55.     Cheek, Jason R. – Counsel for Intervenor-Plaintiff;

56.     Child & Parental Rights Campaign, Inc. – Counsel for Amicus Curiae;

57.     Clark, Matthew J. – Counsel for Amicus Curiae;

58.     Clarke, Kristen – Counsel for Intervenor-Plaintiff;

59.     Coe, Brian – Amicus Curiae (pseudonym);

60.     Coe, Laura – Amicus Curiae (pseudonym);

61.     Colavecchio, J.D. – Counsel for Amici Curiae;

62.     Colorado, State of – Amicus Curiae;

63.     Connecticut, State of – Amicus Curiae;

64.     Conrady, Julie – Amicus Curiae;

65.     Cooper, Erica – Amicus Curiae;

66.     Davies, Andrew Rhys – Counsel for Amici Curiae;

67.     Davis, James William – Counsel for Defendants;

68.     Delaware, State of – Amicus Curiae;

69.     Dermody, Eliza – Counsel for Intervenor-Plaintiff;

70.     Dingus, Jaimie – Amicus Curiae;

71.     District of Columbia – Amicus Curiae;

72.     Doss, Jeffrey P. – Counsel for Plaintiffs;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

73.  Eagan, Melody Hurdle – Counsel for Plaintiffs;

74.  Elgart, Allison – Counsel for Amici Curiae;

75.  Elias, Nimrod Pitsker – Counsel for Amici Curiae;

76.  Endocrine Society (The) – Amicus Curiae;

77.  Eknes-Tucker, Paul A. – Plaintiff;

78.  Escalona, Elizabeth Prim Formby – Counsel for Intervenor-Plaintiff;

79.  Ethics and Public Policy Center – Amicus Curiae;

80.  Federación Colectivo Hombres XX, AC – Amicus Curiae;

81.  Finney, Johnny R. (II) – Amicus Curiae;

82.  Foster, Carolyn – Amicus Curiae;

83.  Fuller, David – Amicus Curiae;

84.  G. C. – Amicus Curiae (pseudonym);

85.  Genau, Joseph – Amicus Curiae;

86.  George, Renu R. – Counsel for Amici Curiae;

87.  Georgia, State of – Amicus Curiae;

88.  Gibson, Henry N. – Amicus Curiae;

89.  Global Justice Institute – Amicus Curiae;

90.  Hamilton, Gene – Counsel for Amicus Curiae;

91.  Hamilton-Poore, Dr. Samuel F. – Amicus Curiae;

92.  Hamilton-Poore, Terry – Amicus Curiae;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

93.   Hasson, Mary Rice – Amicus Curiae;

94.   Hawaii, State of – Amicus Curiae;

95.   Health Professionals Advancing LGBTQ Equality – Amicus Curiae;

96.   Hecker, Elizabeth P. – Appellate Counsel for Intervenor-Plaintiff;

97.   Henkin, Steven – Amicus Curiae;

98.   Hopkins, C. Lynn – Amicus Curiae;

99.   Hutchinson, Laura – Amicus Curiae;

100.  Illinois, State of – Amicus Curiae;

101.  Indiana, State of – Amicus Curiae;

102.  Isaacson, Eric Alan – Counsel for Amici Curiae;

103.  Isasi, William – Counsel for Amici Curiae;

104.  Isner, Shane – Amicus Curiae;

105.  Ivey, Kay – Defendant;

106.  Jacobs, Dylan L. – Counsel for Amici Curiae;

107.  Jimmerson, Dr. Ellin – Amicus Curiae;

108.  Kerschner, Helena – Amicus Curiae;

109.  Koe, Rachel – Plaintiff (pseudonym);

110.  Kuper, Laura – Amicus Curiae;

111.  Krishna, Praveen S. – Appellate Counsel for Intervenor-Plaintiff;

112.  LGBT+ Denmark – Amicus Curiae;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

113.   LaCour, Edmund G. (Jr.) – Counsel for Defendants;

114.   Lamar-Hart, Cynthia – Amicus Curiae;

115.   Lannin, Cortlin H. – Counsel for Amici Curiae;

116.   Lanosa, Michael – Counsel for Amici Curiae;

117.   Lareau, Alyssa C. – Counsel for Intervenor-Plaintiff;

118.   Levi, Jennifer L. – Counsel for Plaintiffs;

119.   Loe, Brian – Amicus Curiae (pseudonym);

120.   Loe, Sarah – Amicus Curiae (pseudonym);

121.   Loper, Dr. Helene – Amicus Curiae;

122.   Louisiana, State of – Amicus Curiae;

123.   Maine, State of – Amicus Curiae;

124.   Marshall, Margaret L. – Counsel for Intervenor-Plaintiff;

125.   Marshall, Steve – Defendant;

126.   Martinez, Gabriel – Counsel for Amici Curiae;

127.   Martinez, Michael Rodriguez – Counsel for Amici Curiae;

128.   Maryland, State of – Amicus Curiae;

129.   Massachusetts, State of – Amicus Curiae;

130.   Mattern, David P. – Counsel for Plaintiffs;

131.   McAlister, Mary E. – Counsel for Amici Curiae;

132.   McCoy, Scott D. – Counsel for Plaintiffs;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

133.  McNamara, Meredithe – Amicus Curiae;

134.  Medical Association of Pediatric Nurse Practitioners – Amicus Curiae;

135.  Men of Reform Judaism – Amicus Curiae;

136.  Mills, Christopher Ernest – Counsel for Defendants;

137.  Mississippi, State of – Amicus Curiae;

138.  Missouri, State of – Amicus Curiae;

139.  Mitchell, Jonathan F. – Counsel for Amicus Curiae;

140.  Moe, Jane – Plaintiff (pseudonym);

141.  Montag, Coty Rae – Counsel for Intervenor-Plaintiff;

142.  Montana, State of – Amicus Curiae;

143.  Morrison, Rachel N. – Counsel for Amicus Curiae;

144.  National Association of Pediatric Nurse Practitioners – Amicus Curiae;

145.  Nebraska, State of – Amicus Curiae;

146.  Nevada, State of – Amicus Curiae;

147.  New Jersey, State of – Amicus Curiae;

148.  New Mexico, State of – Amicus Curiae;

149.  New York, State of – Amicus Curiae;

150.  Newton, Nicole – Amicus Curiae;

151.  Noe, Kathy – Plaintiff (pseudonym);

152.  North Carolina, State of – Amicus Curiae;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

153.  Norwegian Organization for Sexual and Gender Diversity (The) – Amicus Curiae;

154.  Oklahoma, State of – Amicus Curiae;

155.  Oladeinbo, Gilbert Olusengun – Counsel for Plaintiffs;

156.  Olezeski, Christy – Amicus Curiae;

157.  Oregon, State of – Amicus Curiae;

158.  Ormand, Justin L. – Counsel for Amici Curiae;

159.  Orr, Asaf – Former Counsel for Plaintiffs;

160.  Patterson, Peter A. – Counsel for Defendants;

161.  Pediatric Endocrine Society – Amicus Curiae;

162.  Pennsylvania, State of – Amicus Curiae;

163.  Perigoe, Kelly – Counsel for Plaintiffs;

164.  Peterson, Misty L. – Counsel for Plaintiffs;

165.  Poe, Megan – Plaintiff (pseudonym);

166.  Powers, John Michael – Counsel for Intervenor-Plaintiff;

167.  Pratt, James Andrew – Counsel for Plaintiffs;

168.  Professional Association for Transgender Health Aotearoa New Zealand (The) – Amicus Curiae;

169.  Ragsdale, Barry Alan – Counsel for Amici Curiae;

170.  Ramer, John D. – Counsel for Defendants;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

171.  Ray, Brent P. – Counsel for Plaintiffs;

172.  Riehl, Christina – Counsel for Amici Curiae;

173.  Reinke, Adam – Counsel for Plaintiffs;

174.  Renner, Steven S. – Amicus Curiae;

175.  Reynolds, Laura – Amicus Curiae;

176.  Rhode Island, State of – Amicus Curiae;

177.  Robin-Vergeer, Bonnie – Appellate Counsel for Intervenor-Plaintiff;

178.  Roe, Rebecca – Plaintiff (pseudonym);

179.  Rothbauer, Chris – Amicus Curiae;

180.  Rutledge, Leslie – Counsel for Amici Curiae;

181.  Saei, Yusuf – Counsel for Plaintiffs;

182.  Sanders, Jennifer – Amicus Curiae;

183.  Seiss, Benjamin Matthew – Counsel for Defendants;

184.  Seta ry / Seta rf / Seta Lgbtiq Rights in Finland – Amicus Curiae;

185.  Shortnacy, Michael B. – Counsel for Plaintiffs;

186.  Schwabauer, Barbara – Appellate Counsel for Intervenor-Plaintiff;

187.  Societies for Pediatric Urology – Amicus Curiae;

188.  Society for Adolescent Health and Medicine – Amicus Curiae;

189.  Society for Pediatric Research – Amicus Curiae;

190.  Society of Pediatric Nurses – Amicus Curiae;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

191. Soe, Melissa – Amicus Curiae (pseudonym);

192. Soto, Diego Armando – Counsel for Plaintiffs;

193. South Carolina, State of – Amicus Curiae;

194. Southeast Conference of the United Church of Christ – Amicus Curiae;

195. Smalts, Laura Perry – Amicus Curiae;

196. Smith, John – Amicus Curiae;

197. Stewart, Sandra Jean – Counsel for Intervenor-Plaintiffs;

198. Strickland, Kevin L. – Amicus Curiae;

199. Stone, Jessica Lynn – Counsel for Plaintiffs;

200. Stonewall UK – Amicus Curiae;

201. Swedish Federation for Lesbian, Gay, Bisexual, Transgender, Queer and Intersex Rights (The) – Amicus Curiae;

202. Szilagyi, Nathalie – Amicus Curiae;

203. Terry, Abigail Hoverman – Counsel for Plaintiffs;

204. Texas, State of – Amicus Curiae;

205. Thomason, Beth – Amicus Curiae;

206. Thompson, David H. – Counsel for Defendants;

207. Thornton, Joel H. – Counsel for Amici Curiae;

208. Toyama, Kaitlin – Counsel for Intervenor-Plaintiff;

209. Trevor Project (The) – Amicus Curiae;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

210. Union for Reform Judaism – Amicus Curiae;

211. United States of America – Intervenor-Plaintiff;

212. Unitarian Universalist Association – Amicus Curiae;

213. Universal Fellowship of Metropolitan Community Churches – Amicus Curiae;

214. Utah, State of – Amicus Curiae;

215. Vermont, State of – Amicus Curiae;

216. Voe, Robert – Plaintiff (pseudonym);

217. Voights, Anne M. – Counsel for Plaintiffs;

218. Wadsworth, Stephen D. – Counsel for Intervenor-Plaintiff;

219. Warbelow, Sarah – Counsel for Plaintiffs;

220. Washington, State of – Amicus Curiae;

221. Weaver, Lily – Counsel for Amici Curiae;

222. Weaver, Susan Kay – Counsel for Amici Curiae;

223. Wenck, Julia H. – Counsel for Amici Curiae;

224. West Virginia, State of – Amicus Curiae;

225. Wilkerson, Mark Douglas – Counsel for Amici Curiae;

226. Williams, Renee – Counsel for Intervenor-Plaintiff;

227. Wilson, Thomas Alexander – Counsel for Defendants;

228. Wood, Kimberly – Amicus Curiae;

*Eknes-Tucker v. Gov. of Ala.*, No. 22-11707

229.  Woodke, Lane Hines – Counsel for Intervenor-Plaintiff;

230.  Women of Reform Judaism – Amicus Curiae;

231.  World Professional Association for Transgender Health – Amicus Curiae;

232.  Vague, Amie A. – Counsel for Plaintiffs;

233.  Vance, Robert S. (III) – Counsel for Amici Curiae;

234.  Ventiere, Jessica – Defendant;

235.  Veta, D. Jean – Counsel for Amici Curiae;

236.  Walker, Susan Russ – U.S. Magistrate Judge;

237.  Weaver, Cynthia Cheng-Wun – Counsel for Plaintiffs;

238.  Zelbo, Howard S. – Counsel for Amici Curiae;

239.  Zoe, James – Plaintiff (pseudonym).


Respectfully submitted this 21st day of November 2023.

<div style="text-align: right">

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Defendants*

</div>

# TABLE OF CONTENTS

Certificate of Interested Persons ............................................................C1

Table of Contents ............................................................................ i

Table of Authorities ......................................................................... ii

Introduction ................................................................................. 1

Background .................................................................................. 3

Argument ................................................................................... 7

     I.     Defendants Are Likely To Succeed ................................. 8

     II.    Defendants And The Public Will Be Irreparably Injured Absent A Stay ............................................. 10

     III.   The Equities Favor A Stay ....................................... 14

Conclusion .................................................................................. 15

Certificate of Compliance .................................................................. 17

Certificate of Service ...................................................................... 18

## TABLE OF AUTHORITIES

**Cases**

*Abbott v. Perez*,
    138 S. Ct. 2305 (2018)......................................................................11

*Baltin v. Alaron Trading Corp.*,
    128 F.3d 1466 (11th Cir. 1997) .......................................................12

*Democratic Exec. Comm. of Fla. v. Lee*,
    915 F.3d 1312 (11th Cir. 2019) .........................................................8

*Doe v. Thornbury*,
    No. 23-cv-230 (W.D. Ky. July 14, 2023), ........................................12

*Eknes-Tucker v. Gov. of Ala.*,
    80 F.4th 1205 (11th Cir. 2023) ................................................ *passim*

*Hand v. Scott*,
    888 F.3d 1206 (11th Cir. 2018) .......................................................11

*Johnson v. NPAS Sols., LLC,*
    43 F.4th 1138 (11th Cir. 2022) (en banc) ........................................14

*Koe v. Carlson,*
    1:23-cv-2904-SEG (N.D. Ga. Aug. 20, 2023)......................... 2, 9, 12

*L.W. by and through Williams v. Skrmetti,*
    73 F.4th 408 (6th Cir. 2023) ................................................ 12, 13, 14

*Laufer v. Arpan LLC,*
    65 F.4th 615 (11th Cir. 2023) (en banc) ..........................................14

*Martin v. Singletary*,
    965 F.2d 944 (11th Cir. 1992) ...................................................2, 8, 9

*NetChoice, LLC v. Att'y Gen., Fla.*,
    34 F.4th 1196 (11th Cir. 2022) .......................................................10

*Nken v. Holder*,
    556 U.S. 418 (2009) ..................................................................... 10

*Otto v. City of Boca Raton*,
    41 F.4th 1271 (11th Cir. 2022) (en banc) ............................... 14

*Swain v. Junior*,
    958 F.3d 1081 (11th Cir. 2020) ................................................ 10

*Ultracashmere House, Ltd. v. Meyer*,
    664 F.2d 1176 (11th Cir. 1981) ................................................ 12

*United States v. Sec'y Fla. Agency for Health Care Admin.*,
    21 F.4th 730 (11th Cir. 2021) (en banc) ................................. 14

*Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*,
    210 F.3d 1309 (11th Cir. 2000) ................................................... 7

*W. Virginia by & through Morrisey v. U.S. Dep't of the Treasury*,
    82 F.4th 1068 (11th Cir. 2023) ........................................... 3, 14

*Wreal, LLC v. Amazon.com, Inc.*,
    840 F.3d 1244 (11th Cir. 2016) ............................................... 13

**Statutes**

28 U.S.C. § 2283 ................................................................................. 12

Ala. Code § 26-26-4(a) ............................................................... 4, 8, 15

**Rules**

11th Cir. R. 36-3 ............................................................................... 2, 9

Fed. R. App. P. 8(a)(1) ..................................................................... 13

## INTRODUCTION

"This case revolves around an issue that is surely of the utmost importance to all of the parties involved: the safety and well-being of the children of Alabama." *Eknes-Tucker v. Gov. of Ala.*, 80 F.4th 1205, 1231 (11th Cir. 2023). Following extensive factual findings, the Alabama Legislature enacted the Vulnerable Child Compassion and Protection Act last April to protect minors from risky sex-modification procedures. *Id.* at 1211-14. The district court preliminarily enjoined enforcement of certain provisions of the Act, and Defendants appealed. In August, this Court issued a published decision vacating the injunction, recognizing that Alabama has "a compelling interest in safeguarding the physical and psychological well-being of minors" and that the enjoined provisions are "rationally related to that compelling state interest." *Id.* at 1225 (cleaned up). The Court emphasized that the sex-modification procedures at issue "can cause loss of fertility and sexual function" (among other risks), *id.* (cleaned up), and held that Alabama's law "seems to undoubtedly clear" the "lenient standard" of rational-basis review, *id.*

Following this Court's decision, Defendants asked the district court to stay its injunction. As Defendants explained, a stay was needed so Defendants could enforce Alabama's presumptively valid law while Plaintiffs seek rehearing en banc. *See* Defs' Time-Sensitive Mot. to Stay Preliminary Injunction, Doc. 313. The district court refused. "The Eleventh Circuit has not, for whatever reason, issued its

mandate," the court wrote, "and unless and until it does, the preliminary injunction will remain in effect." Order Denying Defs' Mot. for Stay, Doc. 368 at 5; *see* Tr. 40, 42-44.

This was error. The mandate has nothing to do with the precedential nature of the Court's decision, so the fact that a judge on this Court has withheld the mandate has nothing to say about whether Defendants are likely to succeed on the merits of their appeal. This Court has already held they are. "A stay of the mandate … in no way affects the duty of this panel and the courts in this circuit to apply now the precedent established by" this Court's decision "as binding authority." *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992); *see also* 11th Cir. R. 36-3, Internal Operating Procedure 2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

Accordingly, Defendants seek a stay from this Court. Other States within the Circuit have already benefited from this Court's precedential opinion in this case. *See* Order, *Koe v. Carlson*, No. 1:23-cv-2904-SEG, Doc. 119 (N.D. Ga. Sept. 5, 2023) (staying preliminary injunction of Georgia's similar law in light of *Eknes-Tucker*). And all the stay factors weigh in Defendants' favor. First, given this Court's published opinion vacating the injunction, Defendants are likely to succeed on the merits. *Eknes-Tucker*, 80 F.4th at 1231. Second, Defendants will suffer irreparable

harm absent a stay, as otherwise they cannot enforce Alabama's presumptively valid law. Third, the public interest lies in enforcement of Alabama's law that protects children from risky, sterilizing drugs. Fourth, the Minor Plaintiffs will not be harmed by a stay: the law *protects* them from risky interventions, and it permits their physicians to taper the administration of any puberty blockers or cross-sex hormones they have already prescribed for the purpose of gender transitioning.

Alabama has needlessly suffered for a year-and-a-half as its law protecting vulnerable children has wrongly been enjoined. Trial is currently slated for August 2024, *see* Doc. 368 at 4, and the mandate could take even longer to issue, *see  W. Virginia by & through Morrisey v. U.S. Dep't of the Treasury*, 82 F.4th 1068, 1072 n.3 (11th Cir. 2023) (Rosenbaum, J., dissenting from the denial of rehearing en banc) (collecting cases showing timespan between issuance of panel's decision and issuance of order denying rehearing en banc)). The State, the public, and Alabama's children should not have to wait that long for Alabama's presumptively valid law to take effect. The Court should issue the stay now so Alabama can protect its vulnerable children while the appellate process proceeds.

## BACKGROUND

As noted, the Alabama Legislature enacted the Vulnerable Child Compassion and Protection Act last April. *See Eknes-Tucker*, 80 F.4th at 1211-14. The Act prohibits prescribing or administering puberty blockers, cross-sex hormones, and

surgical interventions to minors "for the purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex." *Id.* at 1212-13 (quoting Ala. Code § 26-26-4).

The Act was challenged by Plaintiffs, who moved for a preliminary injunction. Plaintiffs contended that the Act's prohibition on providing minors puberty blockers and cross-sex hormones for the purpose sex-modification violated (1) the Parent Plaintiffs' right under the Fourteenth Amendment's Due Process Clause to direct the upbringing of their children, and (2) the Minors Plaintiffs' rights under the Fourteenth Amendment's Equal Protection Clause by discriminating on the bases of sex and transgender status. *Id.* at 1214. The United States intervened and also sought preliminary relief based on the Equal Protection Clause. *Id.* at 1214-15.

On May 13, 2022, the district court preliminarily enjoined Defendants from enforcing the provisions of the Act related to puberty blockers and cross-sex hormones. *Id.* at 1218. "The ruling was based on, among other things, a determination that Plaintiffs had shown a substantial likelihood of success on the merits as to their substantive due process claim and equal protection claim (Counts I and II), but not as to their other claims." *Id.*

Defendants appealed the injunction three days later, *id.*, and quickly moved for expedited briefing and appellate review, *see* Unopposed Mot. for Expedited

4

Briefing and Appellate Review, CA11 Doc. 12. Given that the issues on appeal were "of first impression for this Court" and "warrant[ed] full briefing and oral argument," Defendants elected not to seek an emergency stay of the injunction. *Id.* at 9.[1] "At the same time," Defendants asked that the appeal "be resolved on an expedited basis" "given the legislative findings and record evidence about the significant life-long risks of the medical interventions at issue." *Id.* Defendants thus hoped that an expedited appeal would grant them the relief they needed to enforce Alabama's law as quickly as possible.

Defendants' appeal was successful. *See* CA11 Doc. 125. In a published opinion joined by all three members of the panel, the Court held "that the district court abused its discretion in issuing th[e] preliminary injunction because it applied the wrong standard of scrutiny." *Eknes-Tucker*, 80 F.4th at 1210. The Court explained that "[t]he plaintiffs have not presented any authority that supports the existence of a constitutional right to 'treat [one's] children with transitioning medications subject to medically accepted standards.'" *Id.* (second alteration in original). "Nor have they shown that [the Act's provisions] classifies on the basis of sex or any other protected characteristic." *Id.* "Accordingly," the Court held, Alabama's law "is subject only to rational basis review," and the district court's "determination that the plaintiffs have established a substantial likelihood of success on the merits cannot stand." *Id.* at

---

[1] Citations are to the ECF-stamped pagination at the top of the page.

5

1210-11. The Court vacated the preliminary injunction on August 21, 2023. *Id.* at 1211.

Less than three weeks later, on September 6, Defendants asked the district court to stay its preliminary injunction in light of this Court's ruling. *See* Defs' Time-Sensitive Mot. to Stay Preliminary Injunction, Doc. 313. Defendants explained that, "[v]ia press release, Plaintiffs' counsel have indicated that they intend to seek rehearing of [this Court's] decision, which—as counsel suggest—will delay issuance of the [Court's] mandate." *Id.* at 5. "While Plaintiffs are of course free to seek rehearing," Defendants told the district court, "they are not entitled to the benefits of an injunction when the equities weigh against them." *Id.* "Because Alabama's law is presumptively valid under binding precent, Defendants respectfully request[ed] a stay of the preliminary injunction so they may enforce the law pending final judgment and any further appellate review." *Id.* at 5-6.

Plaintiffs filed for rehearing en banc five days later, and on September 15 a judge of this Court withheld issuance of the mandate. *See* Pls' Pet. for R'hg, CA11 Doc. 129; Order Withholding Mandate, CA11 Doc. 132. And below, Plaintiffs opposed Defendants' motion to stay, while the United States did not respond to the motion. Pls' Resp., Doc. 316. Rather than addressing the traditional stay factors, Plaintiffs' response argued that this Court's decision was not binding on the district court because the mandate had not yet issued and Plaintiffs had sought rehearing en

banc. *See* Doc. 316 at 2-7. Plaintiffs also suggested that it was "not even clear" whether the district court had "jurisdiction to grant the relief that Defendants seek" because Defendants had already appealed the injunction. *Id.* at 7.

In reply, Defendants explained that while "[d]istrict courts cannot *vacate* injunctions that are on appeal," "they can *stay* them." Defs' Reply, Doc. 317 at 5. And they explained—as they had in their initial motion, *see* Doc. 313 at 7-9—that "the formal issuance of the mandate has nothing to do with whether a stay of an injunction is warranted in light of the panel's precedential ruling." *Id.*

The district court was not persuaded. Following a hearing, the district court denied the motion on November 17. *See* Order, Doc. 368 "The Eleventh Circuit has not, for whatever reason, issued its mandate," the court stated, "and unless and until it does, the preliminary injunction will remain in effect." *Id.* at 5; *see* Tr. 40, 42-44.

## ARGUMENT

Four considerations govern "whether a stay is warranted": "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000) (cleaned up). Because these factors "substantially overlap with the factors governing preliminary

injunctions," *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th

Cir. 2019), this Court's precedential decision in *Eknes-Tucker* establishes that De-

fendants are entitled to a stay.

## I.    Defendants Are Likely To Succeed.

Defendants are seeking a stay pending appeal, so the first factor asks whether

they are likely to succeed in obtaining vacatur of the preliminary injunction. This

Court has already held that the answer is yes. *Eknes-Tucker*, 80 F.4th at 1231 ("[W]e

vacate the district court's preliminary injunction on the enforcement of section

4(a)(1)–(3) of the Act."). And even were the question whether Defendants are likely

to succeed on the ultimate merits of their case, the answer to that question would be

yes, too. As this Court explained, the challenged provisions of the Act are "subject

only to rational basis review—a standard that [they are] exceedingly likely to sat-

isfy." *Id.* at 1230; *see id.* at 1226 (noting that "rational basis review" is "a lenient

standard that the law seems to undoubtedly clear"). The first factor is met.

To be sure, as Plaintiffs and the district court point out, the mandate has not

issued. That does not matter. The mandate is simply "the official means of com-

municating [this Court's] judgment to the district court and of returning jurisdiction

in a case to the district court." *Martin*, 965 F.2d at 945 n.1. A "stay of the mandate"

"merely delays the return of jurisdiction to the district court to carry out [this

Court's] judgment in that case." *Id.* A judge's decision to withhold the mandate thus

"in no way affects the duty of this panel and the courts in this circuit to apply now the precedent established by [the panel's decision] as binding authority." *Id.* So "[a]lthough the mandate" in this case "has not yet issued, it is nonetheless the law in this circuit." *Id.*; *see* 11th Cir. R. 36-3, Internal Operating Procedure 2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

Below, Plaintiffs sought to distinguish *Martin* because "this case," unlike that one, "does not involve the application of an appellate decision as precedent in a separate, subsequent case." Doc. 316 at 7. According to Plaintiffs, a different rule should apply where a party seeks relief "*in the same case*" in which the precedential decision was issued. *Id.* But that is not what *Martin* or this Court's rules say. They say that a precedential opinion immediately becomes "binding authority" for *every* court "in this circuit"—not every court save the one whose decision was under review.

It is not hard to imagine the absurdities Plaintiffs' theory would create. Near-identical cases would reach different outcomes based solely on which party's case created the new precedent, with *that* party being unable to take advantage of the precedent it had fought for. This is no hypothetical harm. On August 20, 2023, the Northern District of Georgia entered a preliminary injunction enjoining enforcement of Georgia's similar law. *Koe v. Carlson*, 1:23-cv-2904-SEG (N.D. Ga. Aug. 20, 2023), Doc. 106. This Court decided *Eknes-Tucker* the next day. The Georgia district

court then stayed its injunction in light of this Court's decision. *Id.*, Doc. 119. Plaintiffs here seem to agree that that stay was proper, but urged the court below not to follow suit. Why? Because this Court's decision was in *this* case rather than Georgia's, thus indicating (somehow) that the district court here was not bound by the decision the way other courts are. *See* Doc. 316 at 8. Plaintiffs offered no justification for such absurdity, and there is none. This Court's decision is binding for *all* courts in the Circuit.

Here, that decision means that Defendants are likely to succeed on the merits of their appeal, as indeed they already have. They are entitled to a stay. *See NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1209 (11th Cir. 2022) ("Likelihood of success on the merits is generally the most important factor." (internal quotation marks omitted)).

## II.    Defendants And The Public Will Be Irreparably Injured Absent A Stay.

After likelihood of success, irreparable injury to the movant is the other "most critical" factor. *Nken v. Holder*, 556 U.S. 418, 434 (2009). As government officials, Defendants' "interest and harm merge with the public interest." *Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020). Both Defendants and the public have been irreparably injured for the last year-and-a-half by the district court's erroneous injunction prohibiting enforcement of a presumptively valid law protecting children. They should not have to suffer *more* injury now that this Court has ruled in their favor.

As an initial matter, "the inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018); *see Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018) (holding that State "would be harmed if it could not apply its own laws").

And more specific here, "[i]t is well established that states have a compelling interest in safeguarding the physical and psychological well-being of minors." *Eknes-Tucker*, 80 F.4th at 1225 (cleaned up). "In the same vein, states have a compelling interest in protecting children from drugs, particularly those for which there is uncertainty regarding benefits, recent surges in use, and irreversible effects." *Id.* Here, "the record evidence is undisputed that the medications at issue present *some* risks"; "[a]s the district court recognized, these medications can cause 'loss of fertility and sexual function.'" *Id.* Alabama's law addresses both "that some families will not fully appreciate those risks and that some minors experiencing gender dysphoria ultimately will desist and identify with their biological sex." *Id.*

Letting the district court's erroneous injunction continue in force would thus irreparably harm children who "may not be finished forming their identities and may not fully appreciate the associated risks" of these sterilizing interventions. *Id.* at 1230. Absent a stay, these children may face a lifetime of physical and mental harm—permanently immature sex organs, bone density loss, delayed development, and much, much more. *See* Defs' Op. Br., CA11 Doc. 33 at 33.

Plaintiffs argued below that Defendants are not entitled to a stay because they did not seek one earlier in the litigation. *See* Doc. 316 at 8-9. As proof, they cited (with a telling "*cf.*") a lone overruled case from 1981 that is, to say the least, inapposite. *Id.* at 9 (citing *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1179 (11th Cir. 1981), *overruled on other grounds as recognized by Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 n.8 (11th Cir. 1997)). The Court's decision in *Ultracashmere* concerned the refusal of a federal district court to stay state-court proceedings pursuant to 28 U.S.C. § 2283 in favor of a party who waited until "four days before the state court trial and almost nine months after initiation of the state court proceedings" to seek relief in federal court. What that case has to do with this one is anyone's guess.

Nor does Plaintiffs' logic fill the gap. Plaintiffs attempted to distinguish the stay granted in *Koe*—and another one granted by a federal court in Kentucky after the Sixth Circuit granted Tennessee's stay application in *L.W.*, *see Doe v. Thornbury*, No. 23-cv-230 (W.D. Ky. July 14, 2023), Doc. 79—on the grounds that in those cases the district courts granted stays "before any meaningful appellate review of [the] preliminary injunction had commenced." Doc. 316 at 8. Based on this distinction, Plaintiffs argued, "Defendants should not be permitted to obtain [a stay] now so as to sidestep the timeline for issuance of the mandate provided in the Federal Rules." *Id.* Of course, Plaintiffs did not explain why "the timeline for issuance of the

mandate" wasn't "sidestepped" in those cases, too; as in every case in which an injunction is stayed *pending appeal*, mandates had not issued in those cases, either.

To the broader point, it is true that stays are equitable orders, and equity can consider dilatory actions by a party seeking relief. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (affirming denial of preliminary injunction where party had an "unexplained five-month delay in seeking" relief). But Defendants have not sat on their hands. They sought expedited briefing and review on appeal. *See* CA11 Doc. 12. Then, within two-and-a-half weeks of this Court issuing its decision—and soon after Plaintiffs' counsel issued a press release proclaiming that they were relying on the injunction remaining in effect while they sought en banc review—Defendants asked the district court to stay its injunction by September 22. Doc. 313 at 6, 11; *see* Fed. R. App. P. 8(a)(1) ("A party must ordinarily move first in the district court…."). When the district court finally ruled on November 17, Defendants filed this motion less than a week later. There was no delay.

To prevent further harm, Defendants should be able to start enforcing Alabama's law *now*. "If the injunction remains in place during" further aspects of the appeal, the State "will suffer irreparable harm from its inability to enforce the will of its legislature, to further the public-health considerations undergirding the law, and to avoid irreversible health risks to its children." *L.W. by and through Williams v. Skrmetti*, 73 F.4th 408, 421 (6th Cir. 2023) (staying injunction of similar law in

Tennessee). That these harms have been occurring for the past year-and-a-half is bad enough. They should not continue for another year (or more[2]) while Defendants wait for the mandate to issue or final vindication on the merits.

## III.      The Equities Favor A Stay.

The remaining equities favor a stay for similar reasons. The public interest lies in the enforcement of Alabama's presumptively valid law. Alabama's "elected representatives" made the "precise cost-benefit decisions" regarding the sex-modi-fication "treatments" at issue and concluded that they are too dangerous to adminis-ter to minors. *L.W.*, 73 F.4th at 421. Whether "the procedures create health risks that cannot be undone" or "the absence of such procedures creates risks that cannot be undone" is not a choice "for judges to make." *Id.* "[T]hese types of issues are quin-tessentially the sort that our system of government reserves to legislative, not judi-cial, action." *Eknes-Tucker*, 80 F.4th at 1231.

Moreover, as Defendants previously explained, "[n]ot only is it impossible to tell who would benefit from the interventions if they worked the way Plaintiffs and

---

[2] "*See, e.g., Laufer v. Arpan LLC*, 65 F.4th 615 (11th Cir. 2023) (en banc) (denying rehearing en banc rehearing on panel opinion issued on March 23, 2022); *Johnson v. NPAS Sols., LLC*, 43 F.4th 1138 (11th Cir. 2022) (en banc) (denying rehearing en banc on panel opinion issued on Sept. 17, 2020); *Otto v. City of Boca Raton*, 41 F.4th 1271 (11th Cir. 2022) (en banc) (denying rehearing en banc on panel opinion issued on Nov. 20, 2020); *United States v. Sec'y Fla. Agency for Health Care Admin.*, 21 F.4th 730 (11th Cir. 2021) (en banc) (denying rehearing en banc on panel opinion issued on Sept. 17, 2019)." *W. Virginia*, 82 F.4th at 1072 n.3 (Rosenbaum, J., dis-senting from the denial of rehearing en banc).

their *amici* say, but the evidence does not even show that the treatments offer long-term benefits even when they are administered under the most conservative conditions." Defs' Op. Br., CA11 Doc. 31 at 59. And Alabama's medical professionals can manage Plaintiffs' mental health in other ways, including through existing or innovative psychotherapy. *See id.* at 31; Declaration of Dianna Kenny, Doc. 69-7 at 37-44.

Last, it should be noted that any Minor Plaintiffs using sex-modification procedures—and nearly all the Plaintiffs who are still minors do *not* appear to be using such procedures (Doc. 159 at 15-16, 19-24)—can be safely tapered off them by their physicians. As Defendants explained below, "the Act permits appropriate and necessary medical care, as long as the purpose of the procedure is not 'to alter the appearance of or affirm the minor's perception of his or her gender or sex.'" Doc. 74 at 156 (quoting Ala. Code § 26-26-4(a)). "Thus, prescribing medications to safely *end* a gender-transition procedure does not fall within the Act's prohibition." *Id.* And children in Alabama—including those not before the Court, but who are nevertheless still impacted by the continuing injunction—can continue to access safe, proven therapies for gender dysphoria. *Id.* at 12.

## CONCLUSION

The Court should stay the district court's preliminary injunction pending appeal.

Respectfully submitted,

Steve Marshall
  *Alabama Attorney General*

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
  *Solicitor General*

A. Barrett Bowdre
  *Principal Deputy Solicitor General*

Christopher Mills

SPERO LAW LLC
557 East Bay Street
#22251
Charleston, SC 29451
Telephone: (843) 606-0640
cmills@spero.law

James W. Davis
  *Deputy Attorney General*

Benjamin M. Seiss
  *Assistant Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for State Defendants*

NOVEMBER 21, 2023

16

## CERTIFICATE OF COMPLIANCE

1.      I certify that this motion complies with the type-volume limitations set forth in Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,761 words, including all headings, footnotes, and quotations, and excluding the parts of the response exempted under Federal Rule of Appellate Procedure 32(f).

2.      In addition, this motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

<div style="text-align: right">

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Defendants*

</div>

## CERTIFICATE OF SERVICE

I certify that on November 21, 2023, I electronically filed this document using

the Court's CM/ECF system, which will serve all counsel of record.

<div style="margin-left: 40%;">

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Defendants*

</div>