# No. 22-11707

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

PAUL A. EKNES-TUCKER, Rev., BRIANNA BOE, individually and on behalf of her minor son, Michael Boe, JAMES ZOE, individually and on behalf of his minor son, Zachary Zoe, MEGAN POE, individually and on behalf of her minor daughter, Allison Poe, KATHY NOE, *et al.*, individually and on behalf of her minor son, Christopher Noe,

*Plaintiffs-Appellees*,

v.

GOVERNOR OF THE STATE OF ALABAMA, ATTORNEY GENERAL, STATE OF ALABAMA, DISTRICT ATTORNEY FOR MONTGOMERY COUNTY, DISTRICT ATTORNEY FOR CULLMAN COUNTY, DISTRICT ATTORNEY FOR LEE COUNTY, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Middle District of Alabama, No. 2:22-cv-00184-LCB-SRW
The Honorable Liles C. Burke, U.S. District Judge

## PRIVATE PLAINTIFFS-APPELLEES' RESPONSE TO DEFENDANTS-APPELLANTS' MOTION TO STAY PRELIMINARY INJUNCTION

Brent P. Ray
Abigail H. Terry
KING & SPALDING LLP
110 North Wacker Drive
Suite 3800
Chicago, IL 60606
(312) 995-6333

Melody H. Eagan
Jeffrey P. Doss
Amie A. Vague
LIGHTFOOT FRANKLIN
& WHITE LLC
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

David Mattern
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500


Adam Reinke
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 572-4600

Christopher F. Stoll
NATIONAL CENTER FOR LESBIAN
RIGHTS
870 Market Street, Ste 370
San Francisco, CA 94102
(415) 365-1326

Scott D. McCoy
SOUTHERN POVERTY LAW CENTER
2 South Biscayne Blvd.
Suite 3750
Miami, FL 33131
(334) 224-4309


Sarah Warbelow
Cynthia Cheng-Wun Weaver
HUMAN RIGHTS CAMPAIGN
FOUNDATION
1640 Rhode Island Ave NW
Washington, DC 20036
(202) 527-3669

*Counsel for Plaintiffs-Appellees*

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Appellees / Plaintiffs Paul A. Eknes-Tucker; Brianna Boe (individually and on behalf of her minor son, Michael Boe); James Zoe (individually and on behalf of his minor son, Zachary Zoe); Megan Poe (individually and on behalf of her minor daughter, Allison Poe); Kathy Noe (individually and on behalf of her minor son, Christopher Noe); Jane Moe; and Rachel Zoe state that (1) they are individuals and, therefore, have nothing to disclose pursuant to Eleventh Circuit Rule 26.2(a); and (2) the following amended list of persons and parties may have an interest in the outcome of this case:

1.    Abdul-Latif, Hussein – Amicus Curiae;

2.    Academic Pediatric Association – Amicus Curiae;

3.    Advancing LGBTQ Equality – Amicus Curiae;

4.    Alabama Center for Law and Liberty – Amicus Curiae;

5.    Alabama Chapter of the American Academy of Pediatrics – Amicus Curiae;

6.    Alaska, State of – Amicus Curiae;

7.    Alscott, Anne – Amicus Curiae;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

8.  America First Legal Foundation – Amicus Curiae;

9.  American Academy of Child and Adolescent Psychiatry – Amicus Curiae;

10. American Academy of Family Physicians – Amicus Curiae;

11. American Academy of Nursing – Amicus Curiae;

12. American Academy of Pediatrics – Amicus Curiae;

13. American Association of Physicians for Human Rights, Inc. – Amicus Curiae;

14. American College of Obstetricians and Gynecologists – Amicus Curiae;

15. American College of Osteopathic Pediatricians – Amicus Curiae;

16. American College of Physicians – Amicus Curiae;

17. American Medical Association – Amicus Curiae;

18. American Pediatric Society – Amicus Curiae;

19. American Psychiatric Association – Amicus Curiae;

20. Andersen, Alison L. – Counsel for Amici Curiae;

21. Anderson, Tom – Defendant;

22. Arizona, State of – Amicus Curiae;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

23.  Arkansas, State of – Amicus Curiae;

24.  Arnold, Stephanie York, Rev. – Amicus Curiae;

25.  Association of American Medical Colleges – Amicus Curiae;

26.  Association of Medical School Pediatric Department Chairs – Amicus Curiae;

27.  Austin, Heather, Ph.D., previously proceeding under pseudonym Jane Moe, Ph.D. – Plaintiff;

28.  Australian Professional Association for Trans Health, The – Amicus Curiae;

29.  Baia, Elizabeth – Counsel for Amici Curiae;

30.  Bailey, Daryl D. – Defendant;

31.  Barday, Shireen A. – Counsel for Amicus Curiae;

32.  Barham, Richard, Rev. – Amicus Curiae;

33.  Barnes, Brian W. – Counsel for Defendants;

34.  Barnhart, Dr. David L., Jr., Rev. – Amicus Curiae;

35.  Becker, Laura – Amicus Curiae;

36.  Beninati, Nancy – Counsel for Amici Curiae;

37.  Blakemore, Robin, Rev. – Amicus Curiae;

38.  Blaylock, C. Wilson – Defendant;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

39.  Boccuzzi, Camrine D., Jr. – Counsel for Amici Curiae;

40.  Boe, Brianna (pseudonym) – Plaintiff;

41.  Boergers, Kathleen – Counsel for Amici Curiae;

42.  Bonta, Rob – Counsel for Amici Curiae;

43.  Boulware, Susan D. – Amicus Curiae;

44.  Bowdre, Alexander Barrett – Counsel for Defendants;

45.  Bridges, Dr. Rebecca L.– Amicus Curiae;

46.  Bronni, Nicholas J. – Counsel for Amici Curiae;

47.  Broyles, Vernadette R. – Counsel for Amici Curiae;

48.  Bryan, Chad W. – U.S. Magistrate Judge;

49.  Bundesverband Trans E.V. – Amicus Curiae;

50.  Burke, Liles C. – U.S. District Court Judge;

51.  Burleigh, Billy – Amicus Curiae;

52.  C.G. (pseudonym) – Amicus Curiae;

53.  California, State of – Amicus Curiae;

54.  Cantrell, Michael A. – Counsel for Amici Curiae;

55.  Carr, Danny – Defendant;

56.  Central Conference of American Rabbis – Amicus Curiae;

57.  Cheek, Jason R. – Counsel for Intervenor-Plaintiff;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

58. Child & Parental Rights Campaign, Inc. – Counsel for Amicus Curiae;

59. Clark, Matthew J. – Counsel for Amicus Curiae;

60. Clarke, Kristen, U.S. Department of Justice, Civil Rights Division – Counsel for Intervenor-Appellee United States;

61. Coe, Brian (pseudonym) – Amicus Curiae;

62. Coe, Laura (pseudonym) – Amicus Curiae;

63. Colavecchio, J.D. – Counsel for Amici Curiae;

64. Colorado, State of – Amicus Curiae;

65. Connecticut, State of – Amicus Curiae;

66. Conrady, Julie, Rev. – Amicus Curiae;

67. Cooper, Erica – Amicus Curiae;

68. Davies, Andrew Rhys – Counsel for Amici Curiae;

69. Davis, James William – Counsel for Defendants;

70. Delaware, State of – Amicus Curiae;

71. Dermody, Eliza – Counsel for Intervenor-Plaintiff;

72. Dingus, Jaimie – Amicus Curiae;

73. District of Columbia – Amicus Curiae;

74. Doss, Jeffrey P. – Counsel for Plaintiffs;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

75.    Eagan, Melody Hurdle – Counsel for Plaintiffs;

76.    Eknes-Tucker, Paul A. – Plaintiff;

77.    Elgart, Allison – Counsel for Amici Curiae;

78.    Elias, Nimrod Pitsker – Counsel for Amici Curiae;

79.    Endocrine Society, The – Amicus Curiae;

80.    Escalona, Elizabeth Prim Formby – Counsel for Intervenor-Plaintiff;

81.    Ethics and Public Policy Center – Amicus Curiae;

82.    Federacion Estatal de Lesbianas, Gais, Trans, Bisexuales, Intersexuales y Mas – Amicus Curiae;

83.    Finney, Johnny R. (II) – Amicus Curiae;

84.    Foster, Carolyn – Amicus Curiae;

85.    Fuller, David – Amicus Curiae;

86.    Fundacion Colectivo Hombres XX, AC – Amicus Curiae;

87.    G.C. (pseudonym) – Amicus Curiae;

88.    Genau, Joseph – Amicus Curiae;

89.    George, Renu R. – Amicus Curiae;

90.    Georgia, State of – Amicus Curiae;

91.    Gibson, Henry N. – Amicus Curiae;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

92.   Global Justice Institute – Amicus Curiae;

93.   Hamilton, Gene – Counsel for Amicus Curiae;

94.   Hamilton-Poore, Terry – Amicus Curiae;

95.   Hasson, Mary Rice – Amicus Curiae;

96.   Hawaii, State of – Amicus Curiae;

97.   Health Professionals Advancing LGBTQ Equality – Amicus
      Curiae;

98.   Hecker, Elizabeth P. – Appellate Counsel for Intervenor-
      Plaintiff;

99.   Henkin, Steven – Amicus Curiae;

100.  Hopkins, C. Lynn – Amicus Curiae;

101.  Hutchinson, Laura – Amicus Curiae;

102.  Illinois, State of – Amicus Curiae;

103.  Indiana, State of – Amicus Curiae;

104.  Isaacson, Eric Alan – Counsel for Amici Curiae;

105.  Isasi, William – Counsel for Amici Curiae;

106.  Isner, Shane – Amicus Curiae;

107.  Ivey, Kay – Defendant;

108.  Jacobs, Dylan L. – Counsel for Amici Curiae;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

109. Jimmerson, Dr. Ellin – Amicus Curiae;

110. Kamody, Rebecca – Amicus Curiae;

111. Kerschner, Helena – Amicus Curiae;

112. Koe, Rachel (pseudonym) – Plaintiff;

113. Krishna, Praveen S. – Appellate Counsel Intervenor-
Plaintiff;

114. Kuper, Laura – Amicus Curiae;

115. LGBT+ Denmark – Amicus Curiae;

116. LaCour, Edmund G., Jr. – Counsel for Defendants;

117. Lamar-Hart, Cynthia G. – Amicus Curiae;

118. Lannin, Cortlin H. – Counsel for Amici Curiae;

119. Lanosa, Michael – Counsel for Amici Curiae;

120. Lareau, Alyssa C. – Counsel for Intervenor-Plaintiff;

121. Levi, Jennifer L. – Counsel for Plaintiffs;

122. Loe, Tom (pseudonym) – Amicus Curiae;

123. Loe, Sarah (pseudonym) – Amicus Curiae;

124. Loper, Helene, Dr. – Amicus Curiae;

125. Louisiana, State of – Amicus Curiae;

126. Maine, State of – Amicus Curiae;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

127. Marshall, Margaret L. – Counsel for Intervenor-Plaintiff;

128. Marshall, Steve – Defendant;

129. Martinez, Gabriel – Counsel for Amici Curiae;

130. Martinez, Michael Rodriguez – Counsel for Amici Curiae;

131. Maryland, State of – Amicus Curiae;

132. Massachusetts, State of – Amicus Curiae;

133. Mattern, David P. – Counsel for Plaintiffs;

134. McAlister, Mary E. – Counsel for Amici Curiae;

135. McCoy, Scott D. – Counsel for Plaintiffs;

136. McNamara, Meredithe – Amicus Curiae;

137. Men of Reform Judaism – Amicus Curiae;

138. Mills, Christopher Ernest – Counsel for Defendants;

139. Minnesota, State of – Amicus Curiae;

140. Mississippi, State of – Amicus Curiae;

141. Missouri, State of – Amicus Curiae;

142. Mitchell, Jonathan F. – Counsel for Amicus Curiae;

143. Moe, Jane (pseudonym) – Plaintiff;

144. Montag, Coty Rae – Counsel for Intervenor-Plaintiff;

145. Montana, State of – Amicus Curiae;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

146. Morrison, Rachel N. – Counsel for Amicus Curiae;

147. National Association of Pediatric Nurse Practitioners – Amicus Curiae;

148. Nebraska, State of – Amicus Curiae;

149. Nevada, State of – Amicus Curiae;

150. New Jersey, State of – Amicus Curiae;

151. New Mexico, State of - – Amicus Curiae;

152. New York, State of – Amicus Curiae;

153. Newton, Nicole – Amicus Curiae;

154. Noe, Kathy (pseudonym) – Plaintiff;

155. North Carolina, State of – Amicus Curiae;

156. Norwegian Organisation for Sexual and Gender Diversity, The – Amicus Curiae;

157. Oklahoma, State of – Amicus Curiae;

158. Oladeinbo, Gilbert Olusengun – Counsel for Plaintiffs;

159. Olzeski, Christy – Amicus Curiae;

160. Oregon, State of – Amicus Curiae;

161. Ormand, Justin L. – Counsel for Amici Curiae;

162. Orr, Asaf – Former Counsel for Plaintiffs;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

163. Patterson, Peter A. – Counsel for Defendants;

164. Pediatric Endocrine Society – Amicus Curiae;

165. Pennsylvania, State of – Amicus Curiae;

166. Perigoe, Kelly – Counsel for Plaintiffs;

167. Peterson, Misty L. – Counsel for Plaintiffs;

168. Poe, Megan (pseudonym) – Plaintiff;

169. Powers, John Michael – Counsel for Intervenor-Plaintiff;

170. Pratt, James Andrew – Counsel for Plaintiffs;

171. Professional Association for Transgender Health Aotearoa New Zealand, The – Amicus Curiae;

172. Ragsdale, Barry Alan – Counsel for Amici Curiae;

173. Ramer, John D. – Counsel for Defendants;

174. Ray, Brent P. – Counsel for Plaintiffs;

175. Reinke, Adam – Counsel for Plaintiffs;

176. Renner, Steven S. – Amicus Curiae;

177. Reynolds, Laura – Amicus Curiae;

178. Rhode Island, State of – Amicus Curiae;

179. Riehl, Christina – Counsel for Amici Curiae;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

180. Robin-Vergeer, Bonnie – Appellate Counsel for Intervenor-Plaintiff;

181. Roe, Melissa (pseudonym) – Plaintiff;

182. Roe, Rebecca (pseudonym) – Plaintiff;

183. Rothbauer, Chris – Amicus Curiae;

184. Rutledge, Leslie – Counsel for Amici Curiae;

185. Saei, Joseph (Yusuf) – Counsel for Plaintiffs;

186. Sanders, Jennifer – Amicus Curiae;

187. Schwabauer, Barbara – Appellate Counsel Intervenor-Plaintiff;

188. Seiss, Benjamin Matthew – Counsel for Defendants;

189. Seta Ry/Seta Rf/Seta Lghtiq Rights in Finland – Amicus Curiae;

190. Shortnacy, Michael B. – Counsel for Plaintiffs;

191. Smalts, Laura Perry – Amicus Curiae;

192. Smith, John – Amicus Curiae;

193. Societies for Pediatric Urology – Amicus Curiae;

194. Society of Adolescent Health and Medicine – Amicus Curiae;

195. Society of Pediatric Nurses – Amicus Curiae;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

196. Society for Pediatric Research – Amicus Curiae;

197. Soe, Melissa (pseudonym) – Amicus Curiae;

198. Soto, Diego Armando – Counsel for Plaintiffs;

199. South Carolina, State of – Amicus Curiae;

200. Southeast Conference of the United Church of Christ – Amicus Curiae;

201. Stewart, Sandra Jean – Counsel for Intervenor-Plaintiffs;

202. Stoll, Christopher F. – Counsel for Plaintiffs;

203. Stone, Jessica Lynn – Counsel for Plaintiffs;

204. Stonewall UK – Amicus Curiae;

205. Strickland, Kevin L. – Amicus Curiae;

206. Swedish Federation of Lesbian, Gay, Bisexual, Transgender, Queer and Intersex Rights, The – Amicus Curiae;

207. Szilagyi, Nathalie – Amicus Curiae;

208. Terry, Abigail Hoverman – Counsel for Plaintiffs;

209. Texas, State of – Amicus Curiae;

210. Thomason, Beth – Amicus Curiae;

211. Thompson, David H. – Counsel for Defendants;

212. Thornton, Joel H. – Counsel for Amici Curiae;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

213. Toyama, Kaitlin – Counsel for Intervenor-Plaintiff;

214. Trevor Project, The – Amicus Curiae;

215. Union for Reform Judaism – Amicus Curiae;

216. Unitarian Universalist Association – Amicus Curiae;

217. United States of America – Intervenor-Plaintiff;

218. Universal Fellowship of Metropolitan Community Churches
    – Amicus Curiae;

219. Utah, State of – Amicus Curiae;

220. Vague, Amie A. – Counsel for Plaintiffs;

221. Vance, Robert S. (III) – Counsel for Amici Curiae;

222. Ventiere, Jessica – Defendant;

223. Vermont, State of – Amicus Curiae;

224. Veta, D. Jean – Counsel for Amici Curiae;

225. Voe, April (pseudonym) – Plaintiff;

226. Voe, Robert (pseudonym) – Plaintiff;

227. Voigts, Anne M. – Counsel for Plaintiffs;

228. Wadsworth, Stephen D. – Counsel for Intervenor-Plaintiff;

229. Walker, Susan Russ – Magistrate Judge;

230. Warbelow, Sarah – Counsel for Plaintiffs;

*Paul Eknes-Tucker v. Governor of the State of Alabama*, No. 22-11707

231. Washington, State of – Amicus Curiae;

232. Weaver, Cynthia Cheng-Wun – Counsel for Plaintiffs;

233. Weaver, Lily – Counsel for Amici Curiae;

234. Weaver, Susan Kay – Counsel for Amici Curiae;

235. Wenck, Julia H. – Counsel for Amici Curiae;

236. West Virginia, State of – Amicus Curiae;

237. Wilkerson, Mark Douglas – Counsel for Amici Curiae;

238. Williams, Renee – Counsel for Intervenor-Plaintiff;

239. Wilson, Thomas Alexander – Counsel for Defendants;

240. Women of Reform Judaism – Amicus Curiae;

241. Wood, Kimberly – Amicus Curiae;

242. Woodke, Lane Hines – Counsel for Intervenor-Plaintiff;

243. World Professional Association for Transgender Health – Amicus Curiae;

244. Zelbo, Howard S. – Counsel for Amici

245. Zoe, James (pseudonym) – Plaintiff.

Date: December 1, 2023

*s/ Jeffrey P. Doss*
Jeffrey P. Doss

*Counsel for Plaintiffs-Appellees*

## INTRODUCTION

On September 11, 2023, Plaintiffs filed their Petition for Rehearing En Banc, explaining why this Court's decision to vacate the preliminary injunction issued by the District Court conflicts with prior decisions of the Supreme Court and this Circuit. Defendants acknowledge that, under the Federal Rules of Appellate Procedure, Plaintiffs' filing of that petition automatically stays issuance of this Court's mandate until such time as this Court completes its consideration of the petition. In addition, this Court has issued an order withholding issuance of the mandate in Defendants' appeal. *See Eknes-Tucker v. Governor of the State of Alabama*, No. 22-1107, Doc. 132 (11th Cir. Sept. 15, 2023). Nonetheless, Defendants moved the District Court to stay the preliminary injunction while Plaintiffs' motion for rehearing en banc is pending. *See* Defs' Time-Sensitive Mot. To Stay Preliminary Injunction, Doc. 313. The District Court rejected that request, explaining that it "is not obliged to rush the judicial process for the State's benefit" and stating that the preliminary injunction will remain in effect "unless and until" this Court issues its mandate. Order Denying Defs' Mot. for Stay, Doc. 368 at 5; *see* Tr. 40, 42-44.

The Federal Rules of Appellate Procedure establish a clear timeline for when appellate decisions become effective. When an appeals court panel decision is issued, the Federal Rules provide that the mandate will issue "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b). The reason for this automatic delay in issuing the mandate is clear: "[u]nless otherwise expressly provided, the effect of granting a rehearing en banc is to vacate the panel opinion and the corresponding judgment." 11th Cir. R. 35-10. The automatic delay ensures that the district court does not take action in reliance on the panel opinion while a request for rehearing en banc is pending and further review by the Court of Appeals remains possible. Defendants sought to circumvent that process by requesting that the lower court apply this Court's decision prematurely—while Plaintiffs' petition for rehearing remains pending and despite this Court's express order withholding the mandate.

Defendants' motion was correctly denied by the District Court, and now they request the same of this Court. Repeating the same arguments

they made before the lower court, Defendants still fail to cite a single authority where either this Circuit or its sister circuits have granted a motion to stay pending en banc review of a preliminary injunction. Nor do Defendants point to any Court of Appeals decision that has required enforcement of a panel's judgment in the same case prior to the issuance of its mandate and while that decision was pending en banc review. The lack of authority to support Defendants' position is telling. To grant such premature relief would disrupt the orderly resolution of appeals and invite conflicting rulings in the district and appellate court before en banc consideration is concluded.

Defendants ask this Court to depart from the ordinary procedures applicable to each of the more than 50,000 appeals that are filed each year in the federal court system[1] and immediately provide them the relief they seek in their appeal even before that appeal is concluded. This Court should decline this invitation, particularly where Defendants offer no reason why the particular facts and circumstances of this case require an exception from procedures that have governed appellate review in the

---

[1] *See* United States Courts, Appellate Courts and Cases – Journalist's Guide, *available at* https://www.uscourts.gov/statistics-reports/appellate-courts-and-cases-journalists-guide.

federal system for many decades. By contrast, Plaintiffs would suffer severe and irreparable harm if the ordinary process of appellate review is circumvented in the manner Defendants suggest. As the District Court found in granting the preliminary injunction, the Minor Plaintiffs will suffer severe harm if they are deprived of established treatments for gender dysphoria. Those same considerations weigh strongly against the Court granting the extraordinary relief Defendants seek, which would deprive Plaintiffs of procedures and protections that have been developed to ensure that all litigants are guaranteed fair treatment and that the appellate review process proceeds in an orderly manner. The Court should deny Defendants' motion and permit the appellate process to proceed as normal.

## ARGUMENT

## I.    Defendants' request for a stay disturbs the orderly process of appellate review and undermines principles of judicial economy.

When an appeals court panel decision is issued, the Federal Rules provide that the mandate will issue "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b). Despite these

4

clear procedures, Defendants seek to bypass the Federal Rules and obtain the relief that their appeal seeks immediately, before the appellate process is concluded. Their motion offers no legitimate reason for the Court to depart from the rules in this manner. Defendants cite to the fact that a published panel decision is precedential even before a mandate is issued, but they offer no reason why the precedential effect of a decision should be used to circumvent the normal process of appellate review and require immediate enforcement of the panel's judgment before this Court's review of the appeal has concluded.

The principal authority on which Defendants rely, *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992), does not assist them. In that case, which concerned a habeas corpus petition, this Court relied on its precedential decision in *Johnson v. Singletary*, 938 F.2d 1166 (11th Cir. 1991), an appeal of a habeas petition filed by a different prisoner. At the time that *Martin* was before this Court, a petition for en banc review was pending in *Johnson* and the mandate had not yet issued. The *Martin* court held that although the mandate in the previous appeal had not issued, this Court's earlier decision was nonetheless precedential for purposes of the later appeal. *See id.*

5

*Martin* does not support Defendants' position. Unlike *Martin,* this case does not involve the application of an appellate decision as precedent in a separate, subsequent case. To the contrary, Defendants ask this Court to provide the relief that is sought in their appeal *in the same case*, and to do so before appellate review is completed. Doing so would both thwart the intent of the Federal Rules and undermine considerations of judicial economy.

Under Defendants' proposal, any litigant who succeeds in obtaining a decision from an appellate panel vacating a preliminary injunction may then ignore the Federal Rules and their provisions concerning petitions for rehearing en banc and simply return to the panel to demand immediate relief. Defendants argue that to wait for the conclusion of the appellate review process would lead to "absurdities" because they are "unable to take advantage of the precedent [they] had fought for" while other courts in this Circuit remain at liberty to apply this panel's ruling. Defendants-Appellants Mot. at 9. But it is Defendants' proposal that would lead to "absurdities" because if rehearing en banc is granted and the panel decision is automatically vacated, *see* 11th Cir. R. 35-10, the party that originally obtained the injunction would then have the right

6

to demand that the injunction be restored while en banc reconsideration proceeds. The Federal Rules provide the clear process outlined above precisely to avoid such dueling back-and-forth motions while a petition for rehearing en banc remains pending. The Court should reject Defendants' plea to replace the Federal Rules with this new norm, with the attendant proliferation of needless motion practice on lower and appellate court dockets.

The other cases on which Defendants rely also do not support their position. In *Koe v. Carlson*, No. 1:23-cv-2904-SEG, Doc. 119 (N.D. Ga. Sept. 5, 2023), the court granted a stay pending appeal, as specifically authorized by Federal Rule of Appellate Procedure 8, before any meaningful appellate review of its preliminary injunction had commenced. And in *Doe v. Thornbury*, No. 23-cv-230, Doc. 79 (W.D. Ky. July 14, 2023), the court likewise granted a stay at the outset of the appeal in response to an order from the Sixth Circuit requiring a stay pending appeal in a similar case. In this case, no stay pending appeal was sought or obtained at the outset of Defendants' appeal.

Defendants argue that because the *Koe* and *Thornbury* stays were ordered before a mandate was issued, they can similarly seek a stay here.

7

This ignores the clear difference between the procedurally proper Fed. App. R. 8 motions in *Koe* and *Thornbury* and the belated motion for a stay that Defendants have filed *after* the disposition of their appeal and before the mandate issues. Defendants should not be permitted to seek a stay at the eleventh hour in order to sidestep the timeline for issuance of the mandate provided in the Federal Rules.

## II. Defendants have failed to establish that they will suffer irreparable harm absent a stay of an injunction that has been in place for over a year.

Defendants' motion also fails on its merits. With respect to likelihood of success on the merits, Plaintiffs' Petition for Rehearing En Banc carefully explains why the panel's decision conflicts with Supreme Court and Eleventh Circuit precedent and should be reconsidered. Defendants' implication that the petition was filed solely for delay or other improper purposes is utterly baseless. Indeed, both Defendants and the panel acknowledge that this case presents constitutional issues of "utmost importance" as it involves "the safety and well-being of the children of Alabama." Mot. at 1 (citing *Eknes-Tucker v. Gov. of Ala.*, 80 F.4th 1205, 1231 (11th Cir. 2023)). Moreover, any suggestion that the

petition was filed for purposes of delay is belied by the fact that Plaintiffs filed it well ahead of their deadline to do so. *See* 11th Cir. R. 35-2.

Furthermore, Defendants have not made the showing necessary to establish that they would suffer irreparable harm due to any delay that may result from this Court's consideration of the petition for rehearing en banc. Any such claim of harm is undermined by Defendants' failure to seek a stay of the Court's preliminary injunction at the outset of their appeal. *Cf. Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1179 (11th Cir. 1981), *overruled on another point by Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 n.8 (11th Cir. 1997) (affirming district court's denial of stay of state court proceedings under Anti-Injunction Act considering party's "delay in seeking a stay until the state court had adjudicated all issues except the amount of damage").

The preliminary injunction has been in effect since May 2022. A stay pending appeal "seeks to maintain the status quo pending a final determination on the merits of the suit." *New Georgia Project v. Raffensperger*, 976 F.3d 1278, 1289 (11th Cir. 2020) (citing *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)). A stay at this point would significantly disrupt the status quo that has existed for over 18 months.

The claimed harms Defendants now assert are exactly the same harms they asserted at the time the injunction was entered. At no point were these harms sufficient to compel Defendants to move for a stay pending appeal in either this Court or the District Court before this Court issued its ruling in August of this year. Defendants' dilatory response to the preliminary injunction strongly undermines any of their allegations of irreparable harm absent a stay. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (holding that even a few months of delay in seeking a preliminary injunction "militates against a finding of irreparable harm"). Defendants have failed to demonstrate that they will suffer any new harm that was not present when the appeal commenced because of the additional delay needed for en banc consideration. The preexisting harms that Defendants have alleged are not the sort of imminent and irreparable harms that necessitate the urgent intervention that Defendants now belatedly request. *Id.*

In any event, any harm that Defendants will suffer because of their inability to enforce the Treatment Ban while the motion for rehearing en banc is pending are far outweighed by the irreparable harm Plaintiffs will suffer if they are unable to receive continued medical care. Following

a three-day evidentiary hearing on Plaintiffs' motion for preliminary injunction, the District Court found the record to show that "without transitioning medications, Minor Plaintiffs will suffer severe medical harm, including anxiety, depression, eating disorders, substance abuse, self-harm, and suicidality," as well as "significant deterioration in their familial relationships and educational performance." *Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131, 1150 (M.D. Ala. 2022). Given the gravity of those harms, the Court should reject Defendants' invitation to circumvent the appellate process and should ensure that Plaintiffs retain the benefit of procedural protections that have been established for appellate review to proceed in a manner that promotes fairness, stability, and certainty for all parties.

## CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that the Court deny Defendants' motion.

Respectfully submitted,

*s/Jeffrey P. Doss*

Brent P. Ray
Abigail H. Terry
KING & SPALDING LLP
110 North Wacker Dr., Ste. 3800
Chicago, IL 60606
(312) 995-6333

David Mattern
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500

Adam Reinke
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 572-4600

Melody H. Eagan
Jeffrey P. Doss
Amie A. Vague
LIGHTFOOT FRANKLIN
& WHITE LLC
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

Christopher F. Stoll
NATIONAL CENTER FOR LESBIAN
RIGHTS
870 Market Street
Suite 370
San Francisco, CA 94102
(415) 365-1326

Scott D. McCoy
SOUTHERN POVERTY LAW CENTER
2 South Biscayne Blvd.
Suite 3750
Miami, FL 33131
(334) 224-4309

Sarah Warbelow
Cynthia Cheng-Wun Weaver
HUMAN RIGHTS CAMPAIGN
FOUNDATION
1640 Rhode Island Ave NW
Washington, DC 20036
(202) 527-3669

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

1. This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,192 words.

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Century Schoolbook size 14-point font with Microsoft Word 365Plus.

3. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Date: December 1, 2023

*s/ Jeffrey P. Doss*
Jeffrey P. Doss
*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/ Jeffrey P. Doss*
Jeffrey P. Doss
*Counsel for Plaintiffs-Appellees*
