No. 22-11707

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

♦

PAUL A. EKNES-TUCKER, et al.,
*Plaintiffs-Appellees*,

&

UNITED STATES OF AMERICA
*Intervenor-Plaintiff-Appellee*,

v.

GOVERNOR OF THE STATE OF ALABAMA, et al.,
*Defendants-Appellants*.

♦

On Appeal from the United States District Court
for the Middle District of Alabama
Case No. 2:22-cv-184-LCB

### DEFENDANTS-APPELLANTS' REPLY IN SUPPORT OF MOTION TO STAY PRELIMINARY INJUNCTION

Christopher Mills
SPERO LAW LLC
557 East Bay St.,
#22251
Charleston, SC 29451
(843) 606-0640
cmills@spero.law

December 5, 2023

Steve Marshall
  *Attorney General*
Edmund G. LaCour Jr.
  *Solicitor General*
A. Barrett Bowdre
  *Principal Deputy Solicitor General*
James W. Davis
  *Deputy Attorney General*
Benjamin M. Seiss
  *Assistant Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
(334) 242-7300
Edmund.LaCour@AlabamaAG.gov

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1(a)(3) and 26.1-2(b), the undersigned counsel certifies that all persons and parties who may have an interest in the outcome of this case have been listed in the Defendants-Appellants' Motion to Stay Preliminary Injunction (CA11 Doc. 141-1) and the Private Plaintiffs-Appellees' Response to Defendants-Appellants' Motion to Stay Preliminary Injunction (CA11 Doc. 143).

Respectfully submitted this 5th day of December 2023.

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Defendants*

## TABLE OF CONTENTS

Certificate of Interested Persons ...........................................................................C-1

Table of Contents ...................................................................................................i

Table of Authorities ............................................................................................. ii

Reply .....................................................................................................................1

Certificate of Compliance .....................................................................................9

Certificate of Service ..........................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Perez*,
    138 S. Ct. 2305 (2018) ................................................................................. 1

*Dobbs v. Jackson Women's Health Org.*,
    597 U.S. 215 (2022) ..................................................................................... 6

*Eknes-Tucker v. Gov. of Ala.*,
    80 F.4th 1205 (11th Cir. 2023) ................................................................. 1, 7

*Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*,
    512 F.3d 1112 (9th Cir. 2008) ..................................................................... 2

*Koe v. Carlson*,
    1:23-cv-2904-SEG (N.D. Ga. Sept. 5, 2023) .............................................. 7

*Planned Parenthood of Blue Ridge v. Camblos*,
    116 F.3d 707 (4th Cir. 1997) ....................................................................... 2

*Robinson v. Marshall*,
    No. 2:19-cv-365 (M.D. Ala. June 24, 2022) ............................................... 7

*Sistersong Women of Color Reproductive Justice Collective v. Governor of Georgia*,
    40 F.4th 1320 (11th Cir. 2022) ........................................................ 3, 5, 6, 7

**Rules**

Fed. R. App. P. 8 ............................................................................................ 4, 5

Fed. R. App. P. 26.1 ......................................................................................C-1

Fed. R. Civ. P. 62 ................................................................................................ 5

ii

**Other Authorities**

16AA Catherine T. Struve, Fed. Practice & Proc. Juris. (Wright & Miller)
    (5th ed. 2023) ................................................................................................3

Black's Law Dictionary (11th ed. 2019) ..................................................................3

# REPLY

Plaintiffs largely ignore the traditional stay factors in their response. Other than a quick reference to how they "carefully explain[ed]" their dissatisfaction with the Court's ruling in their petition for rehearing, they understandably do not argue that they are likely to succeed on the merits. Resp. 8. They do not engage with binding caselaw showing that Defendants will be harmed without a stay—precedent establishing that "the inability to enforce" Alabama's "duly enacted plans clearly inflicts irreparable harm on the State," *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018), and that Defendants "have a compelling interest in protecting children from drugs, particularly those for which there is uncertainty regarding benefits, recent surges in use, and irreversible effects," *Eknes-Tucker v. Gov. of Ala.*, 80 F.4th 1205, 1225 (11th Cir. 2023). And when it comes to balancing the equities, Plaintiffs can only fall back on the district court's findings, rejected by this Court on appeal. *Compare* Resp. 11 (relying on district court's vacated opinion to argue that Minor Plaintiffs would suffer harm if they cannot access sex-modification procedures), *with Eknes-Tucker*, 80 F.4th at 1231 (deferring to Alabama's legislature to determine whether children are helped or harmed by sterilizing sex-modification procedures).

Nor do Plaintiffs ever address the fact that, according to their operative complaint, only one of the Minor Plaintiffs who is still a minor has been prescribed puberty blockers or cross-sex hormones, *see* Doc. 159 at 15-24, and they do not even

1

attempt to show how that one plaintiff would be harmed by the careful tapering of the hormones by a physician. They simply claim that a "stay at this point would significantly disrupt the status quo that has existed for over 18 months," Resp. 9, ignoring that a wrongful injunction *upending* the status quo of lawful enforcement of the State's presumptively valid law cannot *establish* a new status quo that is in any way legally relevant. *See Planned Parenthood of Blue Ridge v. Camblos*, 116 F.3d 707, 721 (4th Cir. 1997) (Luttig, J.) ("[T]he status quo is that which the People have wrought, not that which unaccountable federal judges impose upon them."); *see also Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008). None of this is enough to rebut Defendants' showing that the stay factors are met. *See* Mot. 8-15.

So Plaintiffs propose a new rule instead. According to Plaintiffs, the Court's power to stay a district court's injunction pending appeal dissipates the moment a panel rules that the injunction should be vacated. Though a stay may have been proper earlier in the litigation, Plaintiffs argue, granting one now would "bypass the Federal Rules," "sidestep the timeline for issuance of the mandate," "disrupt the orderly resolution of appeals," and "invite conflicting rulings in the district and appellate court before en banc consideration is concluded." Resp. 3, 5, 8. That this rule would produce patchwork applications of the Court's decisions is apparently a feature, not a bug. As Plaintiffs put it, most courts in the Circuit "remain at liberty" (by

2

which Plaintiffs mean "are bound by precedent") "to apply this panel's ruling," but the court "*in this case*" has no such duty (or "liberty"). *Id.* at 6. It is principles of "judicial economy" and the "intent of the Federal Rules," Plaintiffs say, that allow Georgia to enforce its law protecting children from dangerous sex-modification procedures, but prohibit Alabama from doing likewise. *Id.*

Tellingly, Plaintiffs do not cite any decision by any court adopting their proposed rule, and they ignore orders of this Court that conflict with their proposal. *E.g.*, *Sistersong Women of Color Reprod. Just. Justice Collective v. Gov. of Ga.*, No. 20-3024 (11th Cir. July 20, 2022), CA11 Doc. 118 (staying injunction pending issuance of mandate after publishing decision vacating injunction). Nor has the United States as Plaintiff-Intervenor endorsed their theory, evidently resigned not to oppose Defendants' request for a stay at all, either here or before the district court. All of which makes sense. There are more than a few problems with Plaintiffs' proposal.

First, Plaintiffs' theory confuses the effect of the mandate with the effect of a stay. The issuance of the mandate transfers jurisdiction of the case from the appellate court to the district court. *See* 16AA Catherine T. Struve, Fed. Practice & Proc. Juris. (Wright & Miller) § 3987 (5th ed. 2023). A stay of an injunction pending appeal, on the other hand, "suspend[s]" the injunction until the court of appeals rules and the mandate issues. *See Stay*, Black's Law Dictionary (11th ed. 2019). Defendants here seek a stay of the injunction pending appeal, not vacatur of the district court's order

3

(the relief they sought on appeal). Though the practical effect of those two procedurally distinct actions may be similar, that is true any time a party seeks a stay of an injunction pending appellate review of that injunction. Plaintiffs do not explain why that result is "procedurally proper" if it occurs before a panel rules, but "belated" if it occurs afterward. Resp. 8. It is not.

Second, it is hard to take seriously Plaintiffs' complaint that granting a stay pending appeal risks producing "conflicting rulings in the district and appellate court" due to the slim risk that this panel's decision could one day be reversed. *Id.* at 3. The irony is apparently lost on Plaintiffs that *already* there are "conflicting rulings in the district and appellate court"—first when this Court vacated the injunction the lower court erroneously entered, and then when the district court refused to follow this Court's precedent and denied Defendants' request for a stay. In the unlikely event this panel's decision is reversed, the stay factors can be revisited at that time. That is no reason to jettison them now.

Third, unless Rule 8 of the Federal Rules of Appellate Procedure and Rule 62 of the Federal Rules of Civil Procedure have been stricken, it is simply not the case that granting a stay would "disrupt the orderly resolution of appeals." Resp. 3. Plaintiffs invoke the "50,000 appeals that are filed each year in the federal court system" to imply that granting a stay would treat this case unlike all those others. The statistic is meaningless. For one, the opposite is likely true: a stay pending appeal is the norm

4

in most civil cases. *See* Fed. R. Civ. P. 62(b) (allowing party to "obtain a stay by providing a bond or other security"). For another, even if it were true that a stay pending appeal is unnecessary in the mine run of cases, that does not show that a stay is *never* needed. By Plaintiffs' logic, a stay pending appeal would *always* "disrupt the orderly resolution of appeals."

This gets to the nub of Plaintiffs' proposal: it has no place for stays of injunctions pending appeal, *period*. That is, *any* time an injunction is stayed—whether at the beginning of an appeal or after the panel has ruled—"relief" in some form comes to the party seeking the stay before the mandate issues. That does not mean the party "sidestep[ped] the timeline for issuance of the mandate," Resp. 8; it merely means that the party received a stay of the injunction before the mandate issued. That is, after all, the entire point of a stay pending appeal. And it is precisely what Rule 8 contemplates. *See* Fed. R. App. P. 8(a)(1), (2) (detailing procedure for obtaining "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending"). Rule 8 does not contain an "except-after-a-panel-has-ruled" exception, and Plaintiffs have pointed to no court that has imposed such a restriction on itself.

Certainly this Court has not. Take this Court's ruling in *Sistersong Women of Color Reproductive Justice Collective v. Governor of Georgia*, 40 F.4th 1320 (11th Cir. 2022). That case concerned Georgia's prohibition on abortions after a detectable human heartbeat. After the district court granted the abortionists' motion for

5

summary judgment and enjoined Georgia officials from enforcing the law, the Georgia defendants appealed the ruling to this Court. The Court held the appeal in abeyance pending the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). Once the Supreme Court ruled, this Court vacated the district court's injunction and reversed that court's judgment in favor of the abortionists. 40 F.4th at 1328. Then, after issuing its ruling, the Court *sua sponte* stayed the district court's injunction "until the mandate issues." *Sistersong Women of Color*, No. 20-3024 (11th Cir. July 20, 2022), CA11 Doc. 118 at 4. A judge of the Court later withheld issuance of the mandate, and a couple months after that the Court vacated the order. *See id.*, CA11 Doc. 122 (11th Cir. Aug. 16, 2022) (withholding mandate); *id.*, CA11 Doc. 123 (11th Cir. Oct. 12, 2022) (vacating order withholding mandate). A couple of weeks later, the mandate issued—three months after the Court vacated the injunction and then stayed the injunction pending appeal. *Id.*, CA11 Doc. 124 (11th Cir. Oct. 21, 2022).

So this Court has already done what Defendants ask it to do here (and what Plaintiffs say the Court has no authority to do): stay an injunction pending appeal once it becomes clear through the issuance of a panel's opinion that the enjoined parties are likely to succeed on the merits and that the other stay factors are met. And though the Court did not expound on all the reasons it granted a stay in *Sistersong*, surely relevant was the fact that Alabama was already enforcing its abortion laws

6

following *Dobbs*,[1] but Georgia was still enjoined—and, absent a stay, would have been wrongly enjoined for months longer. Here the roles are reversed: due to this Court's precedential ruling in *Eknes-Tucker*, Georgia can enforce its law protecting children from sterilizing sex-modification procedures,[2] but Alabama still cannot. As it did in *Sistersong*, the Court should remedy that uneven treatment of binding precedent by granting a stay of the injunction pending appeal. The health and safety of Alabama's children depend on it.

|  | Respectfully submitted, |
|---|---|
|  | Steve Marshall<br>    *Alabama Attorney General* |
| Christopher Mills<br><br>SPERO LAW LLC<br>557 East Bay Street<br>#22251<br>Charleston, SC 29451<br>Telephone: (843) 606-0640<br>cmills@spero.law | s/ Edmund G. LaCour Jr.<br>Edmund G. LaCour Jr.<br>    *Solicitor General*<br>A. Barrett Bowdre<br>    *Principal Deputy Solicitor General*<br>James W. Davis<br>    *Deputy Attorney General*<br>Benjamin M. Seiss<br>    *Assistant Attorney General*<br><br>STATE OF ALABAMA<br>OFFICE OF THE ATTORNEY GENERAL<br>501 Washington Avenue<br>Montgomery, Alabama 36130-0152<br>Telephone: (334) 242-7300<br>Fax: (334) 353-8400 |

---

[1] *See* Order, *Robinson v. Marshall*, No. 2:19-cv-365 (M.D. Ala. June 24, 2022), Doc. 193 (lifting preliminary injunction of Alabama's abortion law in light of *Dobbs*).
[2] *See Koe v. Carlson*, 1:23-cv-2904-SEG (N.D. Ga. Sept. 5, 2023), Doc. 119 (staying preliminary injunction in light of this Court's ruling in *Eknes-Tucker*).

Edmund.LaCour@AlabamaAG.gov

*Counsel for State Defendants*

DECEMBER 5, 2023

## CERTIFICATE OF COMPLIANCE

1.    I certify that this reply complies with the type-volume limitations set forth in Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,721 words, including all headings, footnotes, and quotations, and excluding the parts of the response exempted under Federal Rule of Appellate Procedure 32(f).

2.    In addition, this motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

s/ Edmund G. LaCour Jr.<br>
Edmund G. LaCour Jr.<br>
<em>Counsel for State Defendants</em>

## CERTIFICATE OF SERVICE

    I certify that on December 5, 2023, I electronically filed this document using the Court's CM/ECF system, which will serve all counsel of record.

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Counsel for State Defendants*
